This is a domestic relations case.
The parties to this appeal were divorced on March 23, 1982, in the Circuit Court of Madison County. After an ore tenus
hearing, the trial court, in part, ordered a division of the marital assets.
Viewing the record with the attendant presumptions accorded the trial court's action, the following is revealed:
At the aforesaid hearing, the husband testified that he owned a certain certificate of deposit in the face amount of $10,000 which had been automatically renewed according to its terms prior to the divorce hearing.
As part of the division of marital assets, the trial court ordered that the certificate of deposit be transferred to the wife. The decree also contained a provision ordering that all the documents necessary to transfer the interests of the parties be executed and all transfers made within sixty days from the date of the decree.
Neither party filed a motion for a new trial nor appealed the divorce decree.
Unknown to either the trial court or the wife, however, was the fact that eleven days prior to the rendering of the divorce decree, the husband cashed the certificate of deposit. This occurred after the husband's testimony and after submission of the case but, as indicated, prior to the rendition of the decree. When it came time to transfer the marital assets pursuant to the decree, the husband informed the wife that he no longer possessed the certificate of deposit. It was the position of the husband that the award of the certificate was ineffectual as an award of property because the certificate did not exist on the date of the divorce decree.
Because the decree allowed the husband sixty days in which to transfer the property granted to the wife, she was not aware that the certificate had been redeemed until after the expiration of the time allowed for appeal.
The wife did, however, upon learning of the husband's transactions, file a motion for relief from judgment pursuant to rule 60 (b), A.R.Civ.P. This motion was filed on June 1, 1982, to wit, within four months after rendition of the decree.
At the hearing on the motion for relief from judgment, the husband testified that he had cashed the certificate in order to comply with whatever the court decreed and that most of the money actually went *Page 482 
towards paying attorney's fees. He further testified that he had not anticipated that the trial court would specifically award the certificate to the wife.
The trial court stated that it had been the court's intention to award the wife the $10,000 represented by the certificate of deposit and that to save the expense of redeeming a newly renewed certificate that it had been specifically awarded to the wife. The trial court also stated that, in its opinion, the husband had acted in good faith in cashing the certificate and that he had no motive in mind other than getting up some cash to meet the expenses of litigation.
In its order granting relief from judgment, the court found that it had incorrectly assumed from the evidence that the character and nature of the certificate of deposit would remain the same, and that it would be in possession of the husband at the time the decree was entered. The trial court additionally found that the fact of redemption of the certificate was known to the husband, but was not known to the wife or court and could not be ascertained through the use of reasonable diligence.
Accordingly, the trial court ordered that the husband pay the wife the sum of $10,000 in lieu of the certificate of deposit. From this decree the husband appeals.
The husband, through able counsel, contends that the wife failed to present a valid 60 (b) motion and that the trial court erred in granting the relief requested. We find no merit in that argument and, consequently, no error in the trial court's decision.
This court finds that the wife's motion was properly a 60 (b) motion, and more specifically, that it was a 60 (b)(6) motion.
Relief is justified under a 60 (b)(6) motion when a party is able to meet two prerequisites to its application. First, the motion must be based on some reason other than those stated in 60 (b)(1) through 60 (b)(5), and second, the reason urged for relief must be such as to justify relief. Ex parte HartfordIns. Co., 394 So.2d 933 (Ala. 1981).
There is no serious contention that the reasons listed in 60 (b)(1) through 60 (b)(5) apply to the circumstances surrounding the instant appeal. In any event, this court does not find that the instant facts specifically fall within the parameters of 60 (b)(1)-(5). See Rule 60 (b), A.R.Civ.P.
Regarding the second requirement for the application of 60 (b)(6), relief is justified only in those exceptional circumstances when the party can show the court sufficient equitable grounds to entitle him to relief. Nunn v. Stone,356 So.2d 1212 (Ala.Civ.App. 1978). A review of the record shows exceptional circumstances that would have worked a substantial injustice had the trial court not granted the requested relief.
The trial court has wide discretion in its determination of whether to grant a rule 60 (b) motion, and it will not be reversed on appeal absent an abuse of discretion. Pierson v.Pierson, 347 So.2d 985 (Ala. 1977). In the instant case, we cannot say that the trial court's determination resulted in such an abuse.
The evidence shows that the husband testified to ownership of the certificate at the divorce hearing. The nature of the certificate was such as to lead the trial court to believe that it would remain in the husband's possession. In fact, the evidence reveals that such would have been the case had the husband not taken the affirmative action of cashing the certificate.
It is undisputed that the husband redeemed the certificate without the trial court's or the wife's knowledge. Because the husband was given additional time in which to comply with the court's orders, the fact that he cashed the certificate was not known until sixty days had expired from the date of the decree. Therefore, the time had run in which a rule 59 (e) motion to amend could be filed. Time had also expired regarding an appeal. There was time, however, to file a 60 (b) motion.
The evidence tends to show that the certificate of deposit was an important factor in the trial court's equitable division of the marital assets. To deprive the wife of the *Page 483 
$10,000 due to the husband's affirmative actions would result in a substantial injustice. It also seems inequitable to enrich the husband in such a manner.
In view of the above, we find that the trial court properly exercised its discretion in granting relief pursuant to rule 60 (b)(6), A.R.Civ.P.
The husband further contends that the wife's motion did not allege facts sufficient to authorize relief. We find this contention to be erroneous.
The wife set out the fact of the divorce, the husband's testimony regarding the certificate, and the fact she was awarded the certificate. The wife also set out the fact that the husband had cashed the certificate, unknown to anyone, and didn't report it until sixty days after the date of the decree, too late for the thirty day requirement of rule 59 and too late for the forty-two days allowed for appeal. The wife set out even more in her motion, but we do not deem it necessary to go into detail. Suffice it to say that the wife's motion contained enough particularity to put the husband on notice of the nature of the proceedings and the relief sought. Fraternal Order ofPolice, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201,314 So.2d 663 (1975). See also Rule 8, A.R.Civ.P.
Counsel for the wife has requested an attorney's fee for his representation of the wife on this appeal. Such an award is discretionary with this court. Walker v. Walker, 56 Ala. App. 98, 319 So.2d 718 (1975). Considering all relevant factors, we hereby direct that the husband pay to the wife the sum of $350 for her attorney's service on this appeal.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.