This is an appeal from an order of the trial court denying plaintiffs' motion for *Page 918 
relief under Rule 60 (b), Alabama Rules of Civil Procedure. We affirm.
On April 23, 1981, plaintiffs filed their complaint seeking injunctive relief to prevent the defendant, Capital City Church of the Nazarene, from building church facilities on a certain lot located within Green Acres subdivision. Plaintiffs' complaint alleged the existence of certain protective covenants, and quoted from them:
 "These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of 25 years from the date of the recording of this plat, after which time said covenants shall be automatically extended for successive period[s] of ten (10) years unless an instrument signed by a majority of the then owners of the lots has been recorded agreeing to change said covenants in whole or in part. . . .
 "1. No lot shall be used except for residential purposes. . . ."
Plaintiffs' complaint also alleged:
 "Defendant is attempting to build a church building, gymnasium and parsonage on Lot 1 in violation of the . . . protective covenants."
Proximate injury was also alleged.
Defendant filed its motion to dismiss the claim, accompanied by the affidavit of Charles Martin, pastor of the defendant church, who stated the following:
 "Prior to the filing of the Complaint in the Circuit Court of Montgomery County, Alabama, . . . my Church caused to be filed in the Office of the Judge of Probate of Montgomery County, Alabama, Petitions signed by a majority of the property owners in Green Acres Plat No. 1, . . . wherein they agreed to permit a church building on Lot No. 1 of said Plat. . . ."
The record contains a list of 53 names of alleged property owners who consented to the construction of the church building.
In opposition to the defendant's motion to dismiss, the plaintiffs, on July 10, 1981, filed the affidavit of Coleman Yarbrough, attorney for the plaintiffs, who averred that the probate records reflected that:
 "1. The restrictive covenants as set out in the verified complaint herein were adopted and filed of record June 6, 1955, in the aforesaid Probate office. . . .
 "2. The `Petitions signed by a majority of property owners in Green Acres Plat No. 1' were filed of record in the aforesaid Probate Office on August 19, 1980. . . .
 "3. . . . a number of persons signing the aforesaid Petitions have requested that their signatures be removed as is shown by Exhibit `A' hereto."
To this affidavit was attached a list containing 21 names, allegedly of persons who had signed the petition giving permission to build the church building but who now expressed the desire that their signatures "be removed" from that petition "because of misunderstanding of the facts, or a misrepresentation."
On July 30, 1981, after a hearing, the trial court entered an order which granted the defendant's motion to dismiss:
 "The motion to dismiss for failure to state a claim, supported by affidavit, filed by the defendant, Capital City Church of the Nazarene, has been submitted to the court for determination. The question before the court concerns whether Capital City Church of the Nazarene has met the requirements for changing a restrictive covenant on the property described as lot number 1, Green Acres, Plat # 1, in the West one half of sections 23 and 26, township 16 north, Range 18 East, as the same appears of record in the office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 13, at page 163.
 "This court has reviewed the court record in this case and in Capital City Church of the Nazarene, et al. vs. Douglass, et al., Civil Action Number CV 78-1320-H, wherein Capital City Church of the Nazarene unsuccessfully sought to relieve the aforementioned restrictive covenant. This court treats the record in Civil Action Number CV 78-1320-H as part of the record in this case. This *Page 919 
court concludes from its review of the records in this case and in Civil Action Number 78-1320-H that Capital City Church of the Nazarene has now conformed to every criterion and every step required to change the restrictions referred to in the Plaintiff's complaint. The affidavit of Reverend Charles Martin establishes that prior to the filing of the complaint in this case, Capital City Church of the Nazarene caused to be filed in the Office of the Judge of Probate of Montgomery County, Alabama, petitions signed by a majority of the property owners of Green Acres Plat # 1 as recorded in the Office of the Judge of Probate, Montgomery County, Alabama, Plat Book 13, page 163, wherein they agreed to permit a church building on lot number 1 of said Plat. The Petitions appear in the Office of the Judge of Probate, Montgomery County, Alabama, in Book 495, on pages 903 through 916, and Book 497, page 291.
 "In accordance with the foregoing opinion, the motion to dismiss for failure to state a claim, supported by affidavit, filed by Defendant Capital City Church of the Nazarene is hereby granted.
 "Costs of this proceeding are hereby taxed against Plaintiff.
"DONE this the 30th day of July, 1981.
"/s/ Perry O. Hooper
"Circuit Judge"
Later, on November 9, 1982, plaintiffs, pursuant to Rule 60 (b), A.R.Civ.P., filed a motion for relief from that order, alleging the following grounds:
(1) That plaintiffs' counsel did not receive a copy of the order until November 1, 1982, "when counsel went to the office of the Circuit Court of Montgomery County, Alabama, to obtain same after being informed by said clerk that such Order had been entered."
(2) That the order was not a final order which could be appealed because "it fails to state that anything is ordered, adjudged, or decreed."
(3) That the order was contrary to law and the weight of the evidence because the petitions from the majority of the property owners were filed more than 25 years after the restrictive covenants were filed.
(4) That the order was contrary to law and the weight of the evidence because a significant number of those property owners withdrew their support of those petitions, and thus a majority of the property owners did not consent to the changes in the restrictive covenants.
Accompanying this Rule 60 (b) motion was an affidavit by plaintiffs' attorney, in which he stated:
 "I did not receive the Order entered in said cause granting Defendant's Motion to Dismiss, and did not know it had been entered, until my associate . . . picked up said Order at the Circuit Clerk's office on November 1, 1982."
Following a hearing on this motion on February 4, 1983, the plaintiff's motion for relief was denied on April 1, 1983, and from the denial of that relief this appeal ensued.
The plaintiff poses several issues for our review. The first of these is whether or not the order of July 30, 1981, quoted above, is a final order. With deference to able counsel for plaintiffs, this issue may not be considered under a Rule 60 (b) motion for relief. As Rule 60 (b) itself recites, "[A] motion under this subdivision does not affect the finality of a judgment or suspend its operation." Moreover, the only matter reviewable on appeal in this instance is the order of the denial itself. Thus, neither the merits nor the correctness of the underlying judgment nor matters properly brought on appeal may be examined in this review. We are limited solely to determining whether the trial court abused its discretion in denying 60 (b) relief. Maddox v. Druid City Hospital Board,357 So.2d 974 (Ala. 1978); City of Daphne v. Caffey, 410 So.2d 8
(Ala. 1981). This position also prevents review of plaintiffs' second issue, i.e., whether the trial court erred in granting defendant's motion *Page 920 
to dismiss.[1] In their brief, plaintiffs argue the evidence of the restrictive covenants and the effect of the time limitations upon them, as well as the allegations of the subsequent petition of some of the assenting property owners. This aspect of plaintiffs' appeal is not an attack upon the order denying plaintiffs' Rule 60 (b) motion, but is an attack on the underlying judgment itself, because it attacks the evidence tendered below. Thus, plaintiffs attempt to use Rule 60 (b) as an appeal from the final judgment, which is not permitted under our rules. City of Daphne v. Caffee, supra.
The final issue is whether or not the trial court erred in denying plaintiff's motion for relief.
Although plaintiffs' motion does not state the specific basis for Rule 60 (b) relief, the record of the hearing on the motion in the court below contains references to Rule 60 (b)(6), and that provision apparently is the basis for plaintiffs' appeal to this Court. Thus, plaintiffs maintain that they were entitled to relief from the judgment below for "any other reason justifying relief from the operation of the judgment." Rule 60 (b), supra.
In the court below and upon this appeal, the gist of plaintiffs' argument for Rule 60 (b)(6) relief is that they had no notice of the judgment entered on July 30, 1981, until November 1, 1982. Plaintiffs' counsel acknowledged that he had expected an adverse ruling on the motion to dismiss, and did receive a letter from one of defendant's counsel inviting comments on a proposed order defendant's counsel had drafted for the judge's signature. Plaintiffs' counsel also represented to the court below that the circuit clerk's office had no record of having furnished him a copy of the judgment. It was also established that defendant's counsel did receive a copy of the judgment bearing the stamp of the clerk's office.
Did this lack of actual notice require the trial court to grant relief from the judgment?
Relief under Rule 60 (b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice. Howell v. D.H. Holmes, Ltd.,420 So.2d 26 (Ala. 1982). No evidence of extreme hardship on the part of plaintiffs is shown by the record. Plaintiffs' counsel did state at the hearing below that had he received the notice in timely fashion he would have appealed from the order. Yet, at that hearing, the trial judge stated that he had made himself "pretty clear" on how he would rule, and thus the prospect of a forthcoming unfavorable order was not unknown to plaintiffs' counsel.
Additionally, Rule 77 (d) furnishes some guidance on the ultimate effect of an absence of actual notice because of a failure to receive the clerk's notice. That rule provides:
 "Lack of notice of the entry by the clerk does not affect the time to appeal or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time now provided for appeals in civil actions."
This provision, applicable when lack of notice of the order is shown to have been based upon excusable neglect, only gives the trial court discretionary power to extend the time in which to take an appeal for 30 days beyond the normal time. Its analogous application to this situation, therefore, would be time-barred even with a showing of excusable neglect. Snowdenv. United Steelworkers of America, 435 So.2d 62 (Ala. 1983), discusses this point under similar facts. *Page 921 
We have concluded that the lack of knowledge of the trial court's order on the motion, under these circumstances, presented no extraordinary circumstances. Moreover,
 "A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. . . ." Wright and Miller, Federal Practice and Procedure, § 2864 at 214-215.
The decision to grant or deny a Rule 60 (b)(6) motion is within the sound discretion of the trial judge, and the standard of this Court's review is whether the trial court abused its discretion. Textron, Inc. v. Whitfield,380 So.2d 259 (Ala. 1979); Pierson v. Pierson, 347 So.2d 985 (Ala. 1977). On the record, we cannot state that the trial court abused that discretion. Accordingly, the judgment denying the motion must be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] The defendant's motion to dismiss was both supported and opposed by affidavits, indicating that in reality the trial court treated it as a Rule 56 motion for summary judgment. Rule 12 (b), A.R.Civ.P.