BRADLEY, Judge.
This is an appeal from the granting of a Rule 60(b)(6), Alabama Rules of Civil Procedure, motion.
On January 26, 1983 the parties to this appeal were divorced by a decree of the Circuit Court of Mobile County. In that decree the wife was ordered to convey her interest in the homeplace to husband and husband was ordered to pay wife a reasonable attorney’s fee. The court awarded m alimony to either party and allowed each ⅜ retain the personal property brought into the marriage. No disposition was made of any real property owned by the parties.
On June 2, 1983, four months and six days after entry of the judgment of divorce, husband filed a motion to amend the decree under rule 60(b), A.R.C.P., seeking a conveyance of wife’s interest in certain jointly owned real estate acquired during the marriage. Husband claimed he had “just discovered” that he and wife owned the property, that he was “unaware” of the joint ownership until recently and that this was an “inadvertent mistake.” Wife requested the court to deny the motion because it was filed too late. Rule 60(b)(1), A.R.C.P.
After a hearing on the motion, the court granted the motion, treating it as a 60(b)(6) motion, and ordered wife to transfer her interest in the jointly owned property to husband. She appeals.
The issue presented is whether the trial court erred in treating husband’s mo *643 tion to amend the decree under rule 60(b) as falling under the purview of 60(b)(6).
By the specific provisions of rule 60(b)(1), (2), and (3), a motion for relief from judgment based upon mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, must be filed not more than four months after the judgment was entered. A motion filed pursuant to rule 60(b)(6) permits relief from judgment in the discretion of the trial court for “any other reason justifying relief,” and allows a motion to be filed within a reasonable time from entry of judgment.
The evidence shows that husband filed his motion seeking to amend the decree under rule 60(b); he did not specify whether the motion was filed pursuant to 60(b)(1) or 60(b)(6). Yet, the court treated it as a 60(b)(6) motion and granted it. Wife argues this was reversible error. We agree.
Rules 60(b)(1) and 60(b)(2) are very clear on the filing requirements of motions based on mistake, inadvertence, excusable neglect, and newly discovered evidence — such motions must be filed within four months of entry of judgment or else they are untimely and cannot be entertained.
Husband’s motion stated he had “just discovered” that he was a joint owner of the property, and that his failure to discover it before expiration of the four month period was an “inadvertent mistake.” It is clear that the allegations of husband’s motion spell out mistake, inadvertence, and neglect, the very grounds of rule 60(b)(1), and under the rule husband was too late in filing the motion.
The next question is whether relief can be afforded husband by way of rule 60(b)(6).
Relief is justified under rule 60(b)(6) when a party is able to show exceptional circumstances sufficient to entitle him to relief. Rodgers v. Rodgers, 424 So.2d 647 (Ala.Civ.App.1982). For rule 60(b)(6) to be available as a device for extraordinary relief, two prerequisites must be satisfied. First, the motion must be based on some reason other than those stated in rule 60(b)(1) through (5); and, second, the reason urged for relief must be such as to justify relief. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981). Neither prerequisite is satisfied in this case.
Husband’s motion is based on mistake, inadvertence, or excusable neglect. In other words he alleges that he failed to ask the court in the divorce action to give him the jointly-owned property because he was unaware that he was a joint owner. That is, he inadvertently failed to list the property, and because of this mistake he should be allowed to ask the court to dispose of the real property by giving him title. These reasons bring the relief sought within the bounds of rule 60(b)(1) through (5). So the first prerequisite is unsatisfied.
As to the second prerequisite, nothing is alleged in the petition that would bring it within the ambit of rule 60(b)(6). The reasons given in the motion pertain to why relief should be granted pursuant to rule 60(b)(1) and (2); not the “extraordinary circumstances” required to warrant relief under rule 60(b)(6). Hereford v. Hereford, 425 So.2d 480 (Ala.Civ.App.1983). For this reason the second prerequisite is also unsatisfied.
For the reasons given above, the judgment of the trial court is reversed and the cause is remanded for entry of a judgment denying the husband’s motion for relief from judgment.
We note that the parties to this proceeding will still be the joint owners of the property in question and can dispose of the property through an amicable sale or can seek appropriate legal disposition of the property should the parties not agree.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.