This is an appeal from the trial court's grant of a motion for relief from judgment pursuant to rule 60 (b)(6), Alabama Rules of Civil Procedure.
On August 27, 1980 Inez Johnson injured her ankle while working for appellant, Rebel Oil Company (Rebel Oil). On December 12, 1981 Johnson brought suit under the Alabama Workmen's Compensation Act against Rebel Oil. Johnson was represented by Daniel Pike, attorney/appellee.
On September 23, 1983 Johnson and Rebel Oil submitted a settlement agreement for the court's approval. The court approved the settlement and entered a decree awarding Johnson weekly benefits of $105 for life and awarding her attorney, Pike, a fifteen percent fee to be paid from the weekly award.
On November 6, 1984 Pike filed a "Motion to Amend Judgment of the Court," asking the court to amend its September 1983 decree pursuant to rule 60 (b)(6), A.R.Civ.P. to cause his attorney fee to be paid in a lump sum rather than on a weekly basis. As grounds for this motion, Pike stated:
 "[T]hat at the time of the Court's entry of judgment in this case on September 23, [1983], counsel was unaware of the *Page 531 
above referenced [Ashland Chemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App. 1983)] case, however, counsel submits to the Court that its position with regard to the award in this case is factually on all fours with the facts in Ashland Chemical Company.
This Court is vested with the discretion pursuant to Rule 60 (b)(6) of the A.R.C.P. to amend its Order to provide relief from the operation of the judgment providing for payments of attorney's fees."
In Ashland Chemical Co. v. Watkins, supra, we held that the trial court, pursuant to section 25-5-90, Code 1975, has the authority to direct the manner of payment of attorney fees and may require that attorney fees be paid in a lump sum. It is Pike's contention that, had he been aware of this opinion, he would have requested that his attorney fees be paid in a lump sum rather than weekly.
The trial court issued an order granting Pike's motion and ordered that Pike's attorney fees be paid in a lump sum. Rebel Oil appeals to this court.
Rebel Oil first argues that Pike's motion, in that it sought to amend the court's decree, should be treated as a 59 (e) motion. Thus treated, the rule 59 (e) time limitations requiring that "A motion to . . . amend . . . the judgment shall be filed not later than thirty days after entry of the judgment," would apply to Pike's motion and cause it to be overruled.
Pike did label his motion as a "Motion to Amend," but in the body of the motion he clearly sought relief under rule 60 (b)(6). The label one places on a motion is of little importance since the nomenclature of a motion is not controlling. See, e.g., Ex parte Hartford Insurance Co.,394 So.2d 933 (Ala. 1981).
Although Pike labeled his motion as a "motion to amend," he definitely asserted in the body of the motion that he was seeking relief from the original judgment by way of rule 60 (b)(6). And the trial court so treated the motion. Consequently, we do not consider Pike's motion to be a 59 (e) motion.
The next issue is whether the trial court abused its discretion by granting Pike's motion. The trial court granted Pike relief from judgment pursuant to rule 60 (b)(6), A.R.Civ.P. Rebel Oil argues that the trial court erred in so doing. We agree.
Rule 60 (b) reads in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken."
In order for rule 60 (b)(6) to be available as a device for relief from judgment, two prerequisites must be satisfied.Roberts v. Roberts, 446 So.2d 641 (Ala.Civ.App. 1984). First, the motion must be based on some reason other than those stated in rule 60 (b)(1) through 60 (b)(5), and second, the reason urged for relief must be such as to justify relief. Hereford v.Hereford, 425 So.2d 480 (Ala.Civ.App. 1983). Neither prerequisite is satisfied in the case before us.
In Chambers County Commissioners v. Walker, 459 So.2d 861
(Ala. 1984), a case similar to the case before us, plaintiffs brought a rule 60 (b)(6) motion for relief from judgment on the grounds that plaintiffs' *Page 532 
counsel had mistaken the effect that this judgment would have on any subsequent suit brought against the commission. Plaintiffs' counsel stated that he was unaware of a particular line of cases, and that he would not have agreed to the settlement had he been aware of those cases. The supreme court held that plaintiffs stated grounds for relief under rule 60 (b)(1). Thus, plaintiffs could not seek relief under rule 60 (b)(6) since the categories for relief under rule 60 (b) are mutually exclusive.
Similarly, in the case at bar, Pike was unaware of a case that would have permitted him to recover his attorney fees in a lump sum. Due to his own mistake and inadvertence, Pike failed to request that his fees be awarded in a lump sum. Pike's motion thus shows grounds for relief under rule 60 (b)(1), and he may not seek relief under rule 60 (b)(6). Nor may he characterize his motion as a 60 (b)(6) motion and thereby escape the four month time limitation of rule 60 (b)(1).
However, Pike contends that relief is available under rule 60 (b)(6) because he has shown sufficient aggravating circumstances justifying relief. The supreme court has stated that grounds for relief under rule 60 (b)(1) generally cannot be valid grounds under rule 60 (b)(6) unless sufficient aggravating circumstances exist so as to permit the trial court to say that the case is properly within 60 (b)(6). See ChambersCounty Commissioners v. Walker, supra; Giles v. Giles,404 So.2d 649 (Ala. 1981).
A party seeking relief under rule 60 (b)(6) has the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief. Ex parte Baker,459 So.2d 873 (Ala. 1984).
Pike argues that if the court does not direct that his fees be paid in a lump sum a sizeable portion of his fee could be lost. Yet, Pike voluntarily entered into the settlement agreement on behalf of his client and agreed to the manner of payment of his attorney fees. The Ashland Chemical Co. v.Watkins decision was decided on July 20, 1983, about two months prior to the date of the present judgment. Pike waited more than a year after the judgment was entered before seeking to set it aside. Moreover, the rationale of the Ashland decision was that the statute, i.e. section 25-5-90, Code 1975, which had been on the books for many years, gave the trial court the authority to direct the manner of payment of attorney fees. In other words, the trial court had been vested for many years by statute with authority to provide the manner of payment of attorney fees.
Pike participated in the agreement to settle this controversy and must be assumed to have agreed to the provision in the written agreement providing for the payment of his fee. No request was made of the trial court at that time to award a lump-sum fee. Rule 60 (b)(6) "is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." See 11 C. Wright A. Miller,Federal Practice Procedure § 2864 (1973) (footnote omitted). The parties have relied on the settlement agreement for thirteen months. Had Pike been more diligent in discovering his legal rights, he might have obtained relief under rule 59 (e) or 60 (b)(1).
We find that Pike has failed to prove that he was entitled to the extraordinary relief authorized by rule 60 (b)(6). Thus, we conclude that the trial court abused its discretion in granting Pike's motion for relief. The judgment of the trial court is reversed and the cause remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 533