ROBERTSON, Judge.
This is an appeal from the denial of a Rule 60(b)(4), Alabama Rules of Civil Procedure, motion for relief from judgment.
On October 20, 1986, Joseph Larry Hors-ley filed a complaint and motion for writ of seizure against Ryder Truck Rentals, Inc. (Ryder), seeking possession of 550 used tires. Horsley proceeded to obtain a default judgment against Ryder for $5550 on December 29, 1986. To prevent levy on a Ryder truck by the Sheriff of Jefferson County, Ryder paid the amount of the judgment to the sheriff and immediately filed a motion for relief from judgment, and requested that the trial court retain the funds paid into court until a hearing could be conducted on the motion. Ryder alleged that the person served was not an authorized agent to accept service of civil process, and that it knew nothing of the lawsuit until the sheriffs effort to levy on one of its trucks. The trial court entered an order dated March 2, 1987, setting the motion for hearing on May 26, 1987, and directing the clerk to hold any funds received pending the hearing. The motion and order were mailed to Horsley, who was acting pro se, at a Tuscaloosa address and a Fort Payne address he had been using. The motion and the court's order mailed to the Tuscaloosa address were returned; however, the copies mailed to Horsley’s Fort Payne address were not returned, and there was no evidence that Horsley had not received them.
Following the May 26, 1987 hearing, which Horsley failed to attend, the trial court entered an order dated June 2, 1987, setting aside the default judgment against Ryder and ordering the funds being held by the court’s order released to Ryder. On June 4, 1987, Ryder filed a motion informing the trial court that the clerk had prematurely paid the funds to Horsley in violation of the trial court’s earlier order that they be held. The clerk had received a check in the amount of the judgment from the Jefferson County Sheriff’s Office on April 14, 1987, and the following day Hors-ley personally appeared and obtained the money from the clerk. Ryder’s motion sought an order directing Horsley to reimburse the funds, and Horsley was ordered to make reimbursement, which he failed to do. Ryder then filed a motion seeking judgment against Horsley for the sum released to him in order to effectuate the trial court’s prior orders and to allow meaningful restitution. The trial court entered such a judgment against Horsley by order dated June 10, 1987.
Although the record reflects that Hors-ley knew of the judgment shortly after its entry, he waited almost a year before filing a 60(b)(4) motion for relief with the trial court, and then only after execution was attempted. After an ore tenus proceeding, the trial court denied Horsley’s 60(b) motion. This appeal follows.
The issue on appeal is whether the trial court erred by denying Horsley’s motion for relief from the judgment of June 10, 1987.
Horsley argues that the judgment is void because, he says, it was entered without notice to him and without jurisdiction. The trial court found that Horsley had notice of Ryder’s motion for relief from judgment and that his failure to plead in re *939 sponse to said motion and his failure to appear at the hearing thereon placed him in a position of default. The trial court’s order further stated:
“[Tjhereafter, the court was entitled to grant Ryder relief without notice to Horsley. The orders of June 4 and June 10 were merely modifications of the June 2 order and were entered in an attempt to carry that order into effect and provide meaningful relief.
“While relief granted by default cannot be different in kind from that requested in the demand for judgment, it cannot be said that the relief granted Ryder violated this restriction because it was implicit in Ryder’s Rule 60 requests for relief that if the judgment against it was set aside, it would be entitled to receive back the funds it had paid into court.”
We find Horsley’s argument to be without merit.
The only matter reviewable on appeal in this instance is the order of denial, and neither the merits nor the correctness of the underlying judgment nor matters properly brought on appeal may be examined in this review. Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983).
We are limited solely to determining whether the trial court abused its discretion in denying 60(b) relief. Douglass, supra. Rule 60(b) is an extraordinary remedy and is not to be used for the purpose of relieving a party from a free, calculated, and deliberate choice he has made. McArdle v. Bromfield, 540 So.2d 91 (Ala.Civ.App.1989).
We have reviewed the record and find no abuse of discretion by the trial court in denying Horsley’s Rule 60(b)(4) motion; therefore, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.