The issue on appeal in this case concerns only post-judgment action and no judicial purpose would be served to detail facts before that point in the history of this case. Following a jury trial, the jury returned a verdict against Maria Duffy and favoring Michael W. Post in the amount of $1.00 compensatory damages and $1.00 punitive damages. A judgment was entered accordingly on August 23, 1991. On September 30, 1991, Post filed a document entitled "Motion for Relief from Judgement" in which he alleged inadequate damage awards and juror misconduct. He specifically requested that he desired "a new trial pursuant to Rule 60(b), ARCP." Subsequently, on October 10, 1991, the trial court entered an order denying Post's motion by stating that "Motion is really a Rule 59, Motion for New Trial which is untimely filed and this Court is without jurisdiction to consider."
On October 25, 1991, Post filed a second post-judgment motion identically styled, otherwise substantially similar, and requesting the same relief. This time Post specified he desired "a new trial pursuant to Rule 60(b)(3), ARCP." (Emphasis added.) On November 27, 1991, the trial court denied Post's second motion for a new trial stating "Denied; no jurisdiction; matters previously ruled upon." On December 30, 1991, Post filed a notice of appeal from the November post-judgment order referencing the August judgment. Duffy's motion to dismiss Post's appeal was denied.
A motion for a new trial "shall be filed not later than 30 days after the entry of the judgment." Rule 59(b), A.R.Civ.P. Clearly, Post's first motion was not in compliance with that mandatory time and was due to be denied. Post argues, unpersuasively, that his motion was pursuant to Rule 60(b), A.R.Civ.P., and therefore, was timely.
The law is well-settled that "the nomenclature of a motion is not controlling." Rebel Oil Company v. Pike, 473 So.2d 529, 531
(Ala.Civ.App. 1985). A trial court may look to the relief sought within the motion. Rebel, supra. Here, although Post improperly cited Rule 60(b), A.R.Civ.P., within his motion, the trial court correctly found the language within the motion to be a request for relief pursuant to Rule 59, A.R.Civ.P. Thus, the trial court's treatment of Post's *Page 1071 
first post-judgment motion was clearly proper.
Even if the trial court had denied Post's first motion as one pursuant to Rule 60, A.R.Civ.P., such would not be error. Rule 60(b), A.R.Civ.P., allows an extreme remedy to be used only under extraordinary circumstances. McLeod v. McLeod,473 So.2d 1097 (Ala.Civ.App. 1985). The grant or denial of such a motion is a matter that lies within the wide discretion of the trial court which may be reversed only for an abuse of discretion. Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797
(Ala.Civ.App. 1982). In determining whether there was an abuse, we look to the grounds and matter presented supporting the motion. McLeod, supra. Post presented nothing to demonstrate why he could not have properly sought relief via a timely-filed Rule 59 motion. A party must take the legal steps necessary to protect his own interests. Rebel, supra. Post failed to protect his interest to properly and timely request a new trial. The trial court properly denied his motion and he did not appeal.
Post's second motion is substantially similar to his first. He specifies that he seeks a new trial pursuant to subsection (3) of Rule 60(b), A.R.Civ.P. The allegations specified in his second motion were stated less specifically than in his first motion. Post contends that he was entitled to a full evidentiary hearing on the issue of misconduct of a defendant in talking with a juror. That same allegation was made in his first post-judgment motion. Post sought no new relief than what he had been denied in his first motion. As such, it appears that Post is attempting to have the original denial reconsidered by the trial court. The rules do not allow such.Leonard v. Leonard, 560 So.2d 1080 (Ala.Civ.App. 1990). Post's second motion, even if proper pursuant to Rule 60, does not suspend the running time for the filing of a notice of appeal. Ex parte Vaughan, 539 So.2d 1060 (Ala. 1989). Further, relief sought pursuant to Rule 60 is not a substitute for appeal, and may not relieve a party from his failure to appeal.McLeod, supra.
We are simply not convinced that the trial court abused its discretion in any manner in rendering the final judgment in this case. Consequently, that judgment is affirmed.
Duffy's request for damages pursuant to Rule 38, A.R.App.P., for a frivolous appeal, is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.