John Adams brought this action to determine the boundary line between his property and that of C.C. Boyles and Dovie Boyles, the record owners of the adjacent parcel. C.C. and his wife Dovie had held the property as tenants in common. C.C. died intestate in 1963 and his only heir was his son, C.W. Boyles (hereinafter "Charlie").
The complaint served on C.C. was returned marked "Deceased." At trial, Dovie offered evidence that she and C.C. had acquired approximately 10 acres of Adams's land by adverse possession. The trial court, which received ore tenus evidence and viewed the property, held that Dovie had acquired a three-acre "pea patch" by adverse possession, but denied her claim to any additional acreage.
Dovie did not appeal that decision. Several months later, Charlie filed a Rule 60(b) motion to set aside the judgment, based solely on the claim that he, as C.C.'s only heir and allegedly as the holder of a remainder interest in one-half of the parcel, was an indispensable party and had not been joined in the action. A different trial court judge from the one who had presided over the original trial granted the motion and ordered a new trial. At the second trial, the trial court, without viewing the property, held that the Boyleses had acquired all 10 acres by adverse possession. Adams appeals.
First, we note that the judgment in the original trial awarding the three-acre pea patch to Dovie was based on ore tenus evidence and the original trial court's view of the property. Dovie did not appeal that judgment, nor did she file a post-judgment motion asking that the judgment be set aside. The post-judgment motion to set aside the original judgment was filed by Charlie.
So, when we consider the issues here, we are compelled to hold that the second trial court erred in granting the Rule 60(b) motion and in setting aside the judgment rendered by the original trial court.
It seems clear that the original trial court had jurisdiction over Dovie and the *Page 1157 
land. It also appears that Charlie was, at best, a proper or necessary party. See Ala.R.Civ.P. 19(b) (A person is an "indispensable" party if (a) he is a "necessary" party under the definition of Rule 19(a)(1) or (2); (b) he cannot be made aparty to the action; and (c) the trial court determines, in equity and good conscience, that the action cannot continue without the absent necessary party; because Charlie was "present" he does not fit the definition of an "indispensable" party). But, even if Charlie was an indispensable party, the second trial court erred in granting the Rule 60(b) motion to set aside an otherwise valid judgment based upon the failure to join Charlie, because the record shows that Charlie was a "participating non-party." The record shows that Charlie instigated the underlying dispute, that he hired the attorney to represent his mother, that he provided information that was used at the trial, and that he essentially steered the litigation for his mother. His involvement in the trial proceedings were of such a quality that the doctrine of res judicata binds him to the original judgment, even though he was not formally joined as a party.
 " 'According to [1B Jeremy C. Moore et al., Moore's Federal Practice ¶ 0.411(6), at 444 (2d ed. 1983)]:
 " ' "If a non-party who thus participates in litigation has an interest sufficiently close to the matter in litigation, and has adequate opportunity to litigate in support of or in defense against the cause of action on which the suit is based, the policies . . . require that the participating non-party should be bound by the resulting judgment to the same extent as though he were a party to the action. . . ." ' "
Long v. Vielle, 549 So.2d 968, 973 (Ala. 1989) (quoting Moodyv. Moody, 339 So.2d 1030, 1034 (Ala.Civ.App.), cert. denied,339 So.2d 1035 (Ala. 1976)).
Charlie's interest in the lawsuit, as the alleged remainderman; his actual participation in the litigation; and his ample opportunities to join the lawsuit as a named party are sufficient to bind him to the original judgment as if he had been a named party.
Charlie could have filed a post-judgment motion addressed to the merits of the lawsuit or he could have appealed within the time frames allowed; either option would have allowed for review of the original trial court's judgment. For whatever reason, he failed to avail himself of those opportunities, and it is well settled that Rule 60(b) cannot be substituted for an appeal. See Transcall American, Inc. v. Comtel-Birmingham, Inc., 571 So.2d 1051 (Ala. 1990); see also Ex parte PersonnelBoard of Jefferson County, 513 So.2d 1029, 1032 (Ala.Civ.App. 1987) ("Rule 60(b) relief is not a substitute for an appeal from a prior decision, . . . nor is Rule 60(b) a vehicle through which a party may seek relief from its own calculated and deliberate choices"). Because Charlie, a participating non-party, was bound by the judgment of the original trial court, the second trial court erred in setting aside that judgment and ordering a new trial on the sole ground that Charlie had not been joined as a party.[1] We reverse the Rule 60(b) order of the second trial court and remand this case with instructions to reinstate the judgment rendered by the original trial court. Further, we instruct the trial court to amend the judgment entered by the first trial court to substitute C.W. (Charlie) Boyles as a defendant in place of C.C. Boyles. *Page 1158 
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] We note that the trial court did not inquire into the facts surrounding the failure to join Charlie and did not inquire as to any resulting prejudice to either party. At this time we want to reiterate that failure to join even an indispensable party does not automatically compel dismissal. " '[B]ecause the doctrine of indispensable parties is equitable in character, the court will not dismiss for nonjoinder when special circumstances would make it unequitable to do so.' " J.R.McClenney Son, Inc. v. Reimer, 435 So.2d 50, 52 (Ala. 1983) (quoting Wright and Miller, Federal Practice and Procedure,Civil, § 1611 (1972)). In McClenney, this Court said that it would be inequitable to vacate the judgment on the defendant's motion, because the defendant had "blatantly" ignored the rules under which the allegedly indispensable party could have been joined. 435 So.2d at 53.