This is a divorce case.
In January 1992, Millie Dumas Foster (wife), filed a complaint seeking a divorce from William Foster (husband). Ultimately, the trial court entered a final divorce judgment in January 1993. The husband's timely post-judgment motion was denied February 1, 1993. He then filed a second post-judgment motion on February 18, 1993, again seeking review of the custody provisions of the divorce judgment, reconsideration of portions of the property division, and, for the first time, alleging a material change warranting a change in custody. In essence, the successive post-judgment motion sought reconsideration of the same matters considered and denied in the first post-judgment motion, and an attempted modification.
Review of the denial of a post-judgment motion is by appeal.Ex parte Dowling, 477 So.2d 400 (Ala. 1985). Although in his second post-judgment motion, the husband *Page 468 
attempted to state his request as one made "pursuant to Rule 55, 59 and 60," A.R.Civ.P., the relief sought reveals that he is simply attempting to have a second review of the divorce judgment and to have the trial court reconsider its previous denial of his post-judgment motion. Post v. Duffy,603 So.2d 1070 (Ala.Civ.App. 1992); see also Cornelius v. Green,521 So.2d 942 (Ala. 1988). Even if the second post-judgment motion could be considered as one pursuant to Rule 60, A.R.Civ.P., such is not a substitute for an appeal, nor would it suspend the time for filing a notice of appeal. Post, supra. The husband's notice of appeal, filed in October 1993, was untimely, and this court is without jurisdiction. Rule 2(a)(1), A.R.App.P., Tri-State Auto Auction v. Crouch, 475 So.2d 877
(Ala.Civ.App. 1985).
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, J., concur.