THIGPEN, Judge,
dissenting.
The issue on appeal concerns only the denial of a motion made pursuant to Rule 60(b), A.R.Civ.P.
The law is clear “that the denial of a 60(b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but is limited to deciding the correctness of the order from which he appeals.” Raine v. First Western Bank, 362 So.2d 846, 848 (Ala.1978). Only the post-judgment history is relevant to this appeal. See Post v. Duffy, 603 So.2d 1070 (Ala.Civ.App.1992).
The judgment the husband attempts to have set aside was based upon an agreement that he chose to enter without assistance of counsel. After that judgment, he did not file a timely post-judgment motion pursuant to Rule 59, A.R.Civ.P., nor did he file a timely appeal in compliance with Rule 4, A.R.App.P. He presented nothing to demonstrate why he could not have properly and timely sought relief, yet, via a Rule 60(b) motion, he attempted to be relieved of his free and deliberate choice. That is simply not the purpose of the relief allowed by the rule. Adams v. Boyles, 610 So.2d 1156 (Ala.1992). The husband’s lack of diligence during the divorce proceedings does not relieve him of his duty to take necessary legal steps to protect his own interests. See Rebel Oil Company v. Pike, 473 So.2d 529 (Ala.Civ.App.1985).
The relief offered by Rule 60(b) is “an extraordinary remedy permitted only in exceptional circumstances” and the trial court’s discretionary judgment on that motion will not be reversed absent abuse. Ex parte W.J., 622 So.2d 358, 360 (Ala.1993). The relief available by Rule 60(b) is not a substitute for appeal and does not relieve a party from his failure to appeal. Adams, supra; Post, supra.
In this ease, I find no exceptional circumstance to warrant the requested relief. Furthermore, the law is clear that “the only matter reviewable on appeal in this instance is the order of the denial itself.” Douglass v. Capital City Church of Nazarene, 443 So.2d 917, 919 (Ala.1983). Neither the correctness of the underlying judgment nor the merits may be examined on this appeal. Douglass, supra; State ex rel. Fuller v. Fuller, 623 So.2d 332 (Ala.Civ.App.1993).
Because I find no abuse of the trial court’s discretionary authority in denying the husband’s motion, I would affirm. Therefore, I must respectfully dissent.