THIGPEN, Judge,
dissenting.
I would affirm the trial court’s denial of R.D.B.’s successive post-judgment motions; therefore, I must respectfully dissent.
*872 The judgment from which R.D.B. attempts to be relieved is not from proceedings that are unfamiliar to him. On August 16, 1989, R.D.B. was served a summons and a paternity complaint. After he faded to respond, a default paternity and child support judgment was entered against R.D.B. by the juvenile court in November 1989. No appeal followed. A contempt petition for nonpayment of child support, which was served on R.D.B. on December 18,1990, resulted in a contempt order being entered against R.D.B. on January 10, 1991. Again, no appeal followed. Subsequently, other contempt petitions were filed. On July 2,1992, following a hearing at which R.D.B. was present, another order of contempt for non-payment of child support and an arrearage was entered against R.D.B., and he was ordered incarcerated.
R.D.B. posted bond, and after the time for appealing that order had expired, he filed a motion pursuant to Rule 60(b), A.R.Civ.P., seeking relief from the 1989 order establishing paternity. His Rule 60(b) motion was ultimately granted by the juvenile court, and the mother appealed to the circuit court. Although the grant of a Rule 60(b) motion is ordinarily interlocutory and not appealable, the juvenile court, upon granting R.D.B.’s motion, also entered a dismissal of the action; thus, the mother’s appeal was from the judgment, not the interlocutory order granting the Rule 60(b) motion. Barnes v. George, 569 So.2d 382 (Ala.1990). R.D.B.’s attorney was served with that notice of appeal on October 3, 1992. A hearing was set for July 1993, and, for whatever reason, R.D.B. failed to appear. After that hearing, the circuit court entered another default paternity judgment against R.D.B. on July 30,1993.
A litigant, even one acting pro se, is responsible for keeping track of his own case and knowing the status. Bowman v. Pat’s Auto Parts, 504 So.2d 736 (Ala.Civ.App.1987); Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987). R.D.B.’s lack of diligence does not relieve him of his duty to take necessary legal steps to protect his own interests. Rebel Oil Co. v. Pike, 473 So.2d 529 (Ala.Civ.App.1985).
After the July 1993 order was entered, R.D.B. did not file a timely post-judgment motion pursuant to Rule 59, A.R.Civ.P., nor did he file an appeal within 42 days of the judgment in compliance with Rule 4, A.R.App.P. On September 2, 1993, R.D.B. filed a “Motion to Set Aside” the July 30, 1993, paternity order based on res judicata. Although that motion, if pursuant to Rule 59, was untimely filed, the parties agreed to a continuance on the hearing on that motion. On October 14, 1993, R.D.B. filed another post-judgment motion, requesting to be relieved of the orders of November 2, 1989 (paternity), and July 2, 1992 (contempt). The trial court’s denial of those post-judgment motions prompted this appeal.
Neither of these motions explain why R.D.B. could not have properly and timely sought relief via a timely-filed Rule 59 motion or a timely-filed appeal. The first post-judgment motion, although too late to properly seek relief pursuant to Rule 59, was well within the timeframe for appeal from the very judgment it sought to have set aside. A motion filed pursuant to Rule 60 is not a substitute for appeal, is not available to relieve one’s failure to properly appeal, and does not toll the running time for appeal. Post v. Duffy, 603 So.2d 1070 (Ala.Civ.App.1992). The denial of R.D.B.’s first post-judgment motion, as one pursuant to either Rule 59 or Rule 60(b), was clearly proper. Furthermore, the untimely filing of a Rule 59 motion does not toll the time for an appeal. Greer v. Greer, 516 So.2d 719 (Ala.Civ.App.1987). R.D.B.’s notice of appeal, filed in November 1993, was clearly beyond 42 days from the July 1993 order, and he has failed to invoke this court’s jurisdiction. Rule 2, A.R.App.P.
The denial of a Rule 60(b) motion is ap-pealable and R.D.B.’s appeal is timely from the denial of his second post-judgment motion, i.e., the motion filed on October 14, 1993, which was clearly a separate post-judgment motion, pursuant to Rule 60(b)(6). Although that motion sought relief in circuit court from juvenile court judgments of paternity (1989) and contempt (1992), it was silent regarding the July 1993 circuit court paternity adjudication. In other words, this is at least the second time R.D.B. has sought Rule 60(b)(6) relief from the 1989 paternity judg *873 ment. Although he was initially successful in having that judgment set aside, he failed to keep track of his case and failed to appear at the hearing in July 1993. The circuit court’s July 1993 judgment against R.D.B., in effect, merely restored the paternity order of the juvenile court, continued R.D.B.’s child support obligation, and ordered him to pay reimbursement. Rather than appealing the July 1993 judgment, R.D.B. attempted to begin the process again, via another Rule 60(b)(6) motion, which he filed in October 1993. The trial court’s denial of that motion is what he now challenges on this appeal.
The Rule 60(b)(6) motion R.D.B. filed in juvenile court in 1992, and the one he filed in circuit court in 1993, although prepared by different attorneys, are substantially similar, and, in part, seek the exact same relief, i.e., to relieve R.D.B. from a default paternity judgment entered against him by the juvenile court in 1989. Of interest, in his 1992 motion, he asserted that the 1989 judgment “constituted a default judgement wherein [R.D.B.] was not availed the opportunity to request and be administered blood tests.” Whereas, in the 1993 motion, he asserted that the 1989 judgment should be set aside because he
“never admitted paternity but was adjudicated the father because of his failure to appear in court, failure to file an answer, or failure to take any other action due to the fact that [R.D.B.] married [the mother] and through inadvertent and inexcuseable (sic) neglect understood that the marriage would take care of the action against him.”
A trial court’s ruling on a motion for relief from judgment is presumed correct on appeal and will not be reversed absent an abuse of discretion. Ex parte W.J., 622 So.2d 358 (Ala.1993). The relief offered via Rule 60(b) is “an extraordinary remedy permitted only in exceptional circumstances.” W.J. at 360. Additionally, relief sought pursuant to Rule 60(b)(6), is available “only under the most extraordinary and compelling circumstances” and “is mutually exclusive from other rule 60(b) motions.” Self v. Maynor, 421 So.2d 1279, 1281 (Ala.Civ.App.1982).
In this ease, I find no extraordinary or compelling circumstances to warrant the relief available by Rule 60(b)(6), and “the only matter reviewable on appeal in this instance is the order of the denial itself.” Douglass v. Capital City Church of Nazarene, 443 So.2d 917, 919 (Ala.1983). Neither the correctness of the underlying judgments nor the merits may be examined on this appeal. State ex rel. Fuller v. Fuller, 623 So.2d 332 (Ala.Civ.App.1993). While the majority finds that R.D.B. has a meritorious defense, apparently in the 1991 divorce judgment or in his claim regarding blood testing, it is noteworthy to me, and the record is clear, that paternity was judicially established over 2 years prior to the divorce judgment. There was simply no reason for the divorce judgment to rule on a paternity matter adjudicated prior to the marriage. Furthermore, this record contains conflicting evidence regarding the number of blood tests, the results, and the origin and authenticity of the results. Even if I were to believe R.D.B.’s assertions regarding the results of his blood tests and that paternity was readjudicated in the 1991 divorce action, the law is clear that the doctrine of res judicata barred R.D.B. from challenging and relitigat-ing the 1989 paternity adjudication in the 1991 divorce action. Ex parte V.E.T.P., 646 So.2d 551 (Ala.1993); W.J., supra.
It appears throughout this litigation that R.D.B.’s continuous failure to properly protect his legal rights, whether “inadvertent or inexcuseable neglect” as he claimed, has always been his own deliberate choice. That is simply not the purpose of the relief allowed by Rule 60(b). Adams v. Boyles, 610 So.2d 1156 (Ala.1992). I find no abuse of the trial court’s discretionary authority in its denial of R.D.B.’s Rule 60(b)(6) post-judgment motions, and I would affirm that judgment.