CRAWLEY, Judge,
dissenting.
Because I conclude that the trial court erred in not setting aside the judgment of forfeiture against ABC Bonding Company, I must respectfully dissent.
The State contends that ABC’s appeal is untimely, because the trial court entered the final judgment of forfeiture on December 23, 1993. ABC is not appealing from that judgment; rather, it is appealing from the trial court’s denial of its motion to set aside the forfeiture. ABC filed its motion to set aside the forfeiture on December 1, 1994, after the trial court dismissed the case against Hatley on November 10, 1994. In its motion to set aside, ABC alleges that, pursuant to Ala. Code 1975, § 15-13-114(3), the dismissal of the charges against Hatley discharges its obligation as the surety. Therefore, ABC did not have this ground to support a motion to set aside the forfeiture until November 10, 1994, the date of the dismissal.
Although ABC’s motion to set aside is not denominated as a motion pursuant to Rule 60(b)(5), Ala.R.Civ.P., the relief sought and the arguments presented in the motion are within Rule 60(b)(5). “The label one places on a motion is of little importance since the nomenclature of the motion is not controlling.” Rebel Oil v. Pike, 473 So.2d 529 (Ala.Civ.App.1985). Rule 60(b)(5) states that a trial court may vacate a judgment if
“the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equita *710 ble that the judgment should have prospective application.”
A motion pursuant to Rule 60(b)(5) must be made within a reasonable time. ABC filed the motion to set aside less than one month after the judgment of dismissal was entered, which, in this case, is a reasonable time.
Ala.Code 1975, § 15-13-114(3), states that the obligation of a surety is discharged when the judge dismisses the case against the defendant. Therefore, ABC’s obligation as the surety was discharged upon the dismissal of the case against Hatley. I conclude that the trial court erred in not setting aside the judgment of forfeiture, and I must respectfully dissent.