THIGPEN, Judge.
This is a post-divorce case.
In November 1994, Scott Dean Smith (father) filed a complaint against Kathy Dianne Hudson (mother) and David Hudson, Jr. (Hudson), requesting that the trial court find the mother in contempt for violating the visitation provisions of the divorce judgment, and issue an injunction to prevent threats or violence by Hudson. The motion to dismiss filed by the mother and Hudson was denied; thereafter, the mother and Hudson filed an answer denying the allegations of the complaint.
In February 1995, after ore tenus proceedings, the trial court denied the father’s requests and entered an order which stated, in part:
“While the Court lacks jurisdiction to enter any injunctive relief involving [Smith’s mother] and/or David Hudson, Jr., the Court hereby finds that it would be in the best interest of the minor child that exchange of the said minor child in the future for visitation purposes should only involve the [father] and the [mother].”
The father’s post-judgment motion was denied on April 26, 1995, and he filed a notice of appeal on June 8, 1995.
It is well established that the review of the denial of a post-judgment motion is by an appeal. Foster v. Foster, 636 So.2d 467 (Ala.Civ.App.1994). The record, howev *986 er, indicates that the father’s notice of appeal was filed 43 days after the denial of his post-judgment motion, and is therefore untimely. Consequently, this court is without jurisdiction to address any issues he attempts to raise. Rule 2(a)(1), A.R.App.P.; see also Rule 4(a)(1), A.R.App.P., and Foster, 636 So.2d 467.
For the foregoing reason, this appeal is due to be dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.