ROBERTSON, Presiding Judge.
On January 3, 1986, Frederick Hawkins (employee) sued Jim Walter Resources, Incorporated (JWR), for workmen’s compensation benefits, alleging work-related injuries which resulted from an accident in one of JWR’s mines. In his complaint, the employee alleged that “a large rock fell from the roof of a mine in which [the employee] was working, striking him on the head and foot breaking his foot and ankle, and severely injuring his back and spine.”
Nearly four years later the parties submitted a settlement agreement to the trial *1053 court. The trial court’s order approving and ratifying the parties’ agreement provided, among other things, that:
“8. The settlement agreed to by the parties is as follows: [JWR] has agreed to pay to the [employee] a total of ($40,-000), as set forth hereinbelow, in full and final settlement, compromise, and satisfaction of all claims, of whatever nature, for past, present, and future compensation benefits or for past medical or other benefits.
[[Image here]]
“11. This court having heard, considered, and reviewed the evidence stipulated by the parties, being familiar with the medical and employment history of the [employee], and having considered the serious, disputed issues in this case, is of the opinion that, considering all circumstances, the proposed settlement is reasonable and fair, is in substantial compliance [with the] provisions of the Worker’s Compensation Act, as amended, and is clearly in the best interests of the [employee] and hereby RATIFIES, AFFIRMS and APPROVES said settlement.”
The order, dated February 16, 1990, was then signed by the employee, the employee’s attorney, and the attorney for JWR, as being “APPROVED AND AGREED TO.”
On October 31,1991, over twenty months later, the employee filed a motion for new trial, alleging that both his attorney and JWR withheld medical evidence from the employee and the trial court prior to the entry of the settlement order. To his motion, the employee attached three medical reports and an affidavit in support of his motion for new trial. In the affidavit he reiterated his contention that vital medical evidence had been withheld from the trial court. The employee again argued that this evidence would have proven the existence to the trial court of a back injury, which the employee claimed was a result of the on-the-job accident. Therefore, the employee maintained that his settlement would have been greater if it had been based on such information. Finally, the employee stated that “I should be awarded a new trial because fraud was used to keep this information from the court as well as myself.”
The trial court denied the motion for new trial, and the employee appeals.
On appeal, the employee raises two issues: 1) whether there was fraud committed on the court and on the employee when the employee’s attorney withheld vital medical evidence that related to the employee’s injury, and 2) whether a new trial should be granted based on the fraud of the employee’s attorney.
The dispositive issue on appeal, however, is whether the employee’s motion was filed in a timely manner.
Although the employee’s motion to the trial court was labeled as a “motion for a new trial,” the employee’s motion, affidavit in support of his motion, and briefs on appeal focus only on allegations of fraud committed by both his attorney and JWR, but primarily by his attorney. Due to the employee’s allegations of fraud, JWR argues that the employee’s motion for new trial was actually a motion under Rule 60(b), and, therefore, its filing date fell beyond the four-month time limit prescribed by Rule 60(b) for setting aside a judgment on the basis of fraud. In fact, both parties on appeal have argued certain portions of Rule 60(b) in support of their respective positions.
The employee cites the following language also from the text of Rule 60(b):
“This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment ... to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
Therefore, the employee argues that his motion was timely in that its filing date came within such three-year period.
Here, however, the provisions of Rule 60(b), A.R.Civ.P., are inapplicable in this case based on Rule 81, A.R.Civ.P. which provides that:
*1054 “(a) Proceedings controlled by statute. In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute:
[[Image here]]
“(31) Workmen’s Compensation.”
Section 25-5-56, Code 1975, provides that:
“Any settlements hereunder may be vacated for fraud, undue influence, or coercion, upon application made to the judge approving the settlement at any time not later than six months after the date of the settlement.”
This court has held, however, that in circumstances other than “fraud, undue influence, or coercion,” § 25-5-56, Code 1975, does not preempt the operation of Rule 60(b), A.R.Civ.P., with respect to setting aside workmen’s compensation settlements. See Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797 (Ala.Civ.App.1982). However, the employee asserts no other reasons in this case.
Based on the foregoing, we find that the exclusive remedy for setting aside a workmen’s compensation settlement agreement because of alleged fraud is § 25-5-56, Code 1975, which establishes a six-month time limitation for filing such an application. We hold that the employee’s motion to the trial court was untimely filed, and, therefore, the trial court did not err in denying the motion. The judgement of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.