Angela R. Clark appeals from a summary judgment entered in favor of Liberty Mutual Insurance Company and Edward Knollmeyer, a claims adjuster for Liberty Mutual, on her claims of misrepresentation and suppression, and she appeals from a summary judgment entered in favor of Dr. Bernard H. Eichold II, Billy Tant, and Suzanne L. Yates, employees of the Mobile County Health Department, on her claim of retaliatory discharge. *Page 396 
She also appeals from the dismissal of her Rule 60(b)(3), Ala.R.Civ.P., motion to set aside an earlier settlement with the Mobile County Health Department regarding a workers' compensation claim. We affirm in part; reverse in part; and remand.
On June 26, 1991, Angela Clark fell in the parking lot operated by her employer, the Mobile County Health Department. As a result of her fall, she fractured her hip and ultimately underwent surgery for a hip replacement. Following her surgery, a physical therapist prepared a "physical capacity evaluation" of Clark at the request of Liberty Mutual, the worker's compensation insurance carrier for her employer. That evaluation stated in pertinent part:
 "Mrs. Clark's functional capacities do not match the requirements for the Office Assistant I position which requires extensive involvement with filing, utilizing body mechanics to climb, squat, crouch, bend, kneel, occasionally crawl, push, pull, walk, and stand for prolonged periods of time. With that in mind, the patient would be best suited placed in a less physically demanding position consistent with the Clerk/Typist position which requires limited physical demand on the body. The client still possesses gross deficits in her physical abilities in that she has a tendency to utilize improper body mechanics, pacing, posture and energy conservation for most activities along with the fact that gross obesity, muscular imbalances, and [gait] deficits persist. With this in mind, I would recommend continued involvement in physical therapy for a brief course of training to address these deficits and then placement into the lighter work capacities at her employment immediately afterwards. If this is not allowable then strong consideration for vocational assistance would be in order as the client does remain highly motivated to be gainfully employed in a job utilizing her present skills."
Clark returned to her job approximately five and one-half months after her injury and was placed in a less strenuous position (without reduction in salary), pursuant to the recommendations contained in the "physical capacity evaluation."
Knollmeyer, an adjuster with Liberty Mutual, then contacted Clark to tell her that she qualified for a lump sum settlement on her workers' compensation claim. Knollmeyer told Clark that under the law her injury was a "scheduled injury" and that, based upon her medical evaluation, she was entitled to a 25% permanent partial settlement. Knollmeyer represented to Clark that under the "schedule of injuries" the loss of a leg entitled a person to a maximum lump sum of 200 weeks of compensation (see Ala. Code 1975, § 25-5-57(a)(3)(16)); however, with only a 25% impairment, he said, she would be entitled to 25% of 200 weeks of compensation, i.e., 50 weeks of compensation. See, generally, Ala. Code 1975, § 25-5-57, Code of Alabama. Clark claims that, based on Knollmeyer's representations, she accepted $8,613 in settlement for her injuries, only later to learn that she could have been entitled to as much as 300 weeks of compensation because, she says, her injury was not to the leg but to the hip. She also claims that Knollmeyer did not tell her that she might be entitled to vocational rehabilitation benefits.
The settlement agreement was drafted by an attorney for Liberty Mutual and was approved by the trial judge on February 5, 1992. Approximately five weeks after they made the settlement, Clark was terminated from her position with the Mobile County Health Department. Thereafter, she sued Liberty Mutual and Knollmeyer, alleging intentional misrepresentation and suppression of material facts; she sued her employer, the Mobile County Health Department, alleging that it had participated in a fraud on the court in regard to the settlement of her workers' compensation claim, and she also filed a Rule 60(b)(3) motion to set aside the settlement; and she sued her co-employees Dr. Bernard H. Eichold II, Billy Tant, and Suzanne L. Yates, under § 25-5-11.1, alleging a retaliatory discharge. The trial court entered a summary judgment on the fraud and retaliatory discharge claims and dismissed the Rule 60(b)(3) motion. Clark appeals.
Rule 81, A.R.Civ.P., provides that the Rules of Civil Procedure are applicable in workers' compensation cases "to the extent *Page 397 
that the practice in such matters is not provided by statute." Section 25-5-56, a part of the Workers' Compensation Act, states that "[s]ettlements made may be vacated for fraud, undue influence, or coercion, upon application made to the judge approving the settlement at any time not later than six months after the date of settlement." This is the exclusive method for vacating a workers' compensation settlement for fraud. See Hawkins v. Jim Walter Resources, Inc.,600 So.2d 1052 (Ala.Civ.App. 1992). Clark's present action was filed after the expiration of the six-month limitations period set forth by § 25-5-56; therefore, her Rule 60(b)(3) challenge to her workers' compensation settlement was time-barred and the trial judge's dismissal of that claim was proper.
With regard to Clark's claims against her co-employees alleging retaliatory discharge, we note that § 25-5-11.1
provides a cause of action to an employee whose employer has terminated his or her employment as a result of his or her filing a workers' compensation claim. "Employer" is defined in § 25-5-1(4):
 "Every person who employs another to perform a service for hire and pays wages directly to the person. The term shall include a service company for a self-insurer or any person, corporation, copartnership, or association, or group thereof, and shall, if the employer is insured, include his or her insurer, the insurer being entitled to the employer's rights, immunities, and remedies under this chapter, as far as applicable. The inclusion of an employer's insurer within the term shall not provide the insurer with immunity from liability to an injured employee, or his or her dependent in the case of death to whom the insurer would otherwise be subject to liability under Section 25-5-11. Notwithstanding the provisions of this chapter, in no event shall a common carrier by motor vehicle operating pursuant to a certificate of public convenience and necessity be deemed the 'employer' of a leased-operator or owner-operator of a motor vehicle or vehicles under contract to the common carrier."
The Mobile County Health Department was Clark's employer. Eichold, Tant, and Yates were merely her co-employees. Therefore, the summary judgment was appropriate as to them.
Finally, we address Clark's fraud claims against Liberty Mutual and Knollmeyer. Although Liberty Mutual and Knollmeyer contend that Clark's fraud claims against them are an attempt to collaterally attack the workers' compensation settlement and that there was insufficient evidence to warrant the submission of Clark's fraud claim to the jury, we disagree. Clark's claims were based on allegations that Knollmeyer misled her into settling her compensation claim for less that she was entitled to. These claims recognize the binding effect of the earlier settlement and are not an attempt to impeach or overturn the compensation settlement.
As to the claim that there was insufficient evidence to submit the fraud claim to the jury, Clark contends that Knollmeyer represented to her that she was entitled to only 50 weeks' compensation because her injury was listed on a "schedule of injuries." See § 25-5-57(a)(3)(16), which lists on the "schedule" an injury to the leg. Clark contends, however, that her injury was a hip injury and that she was entitled to as much as 300 weeks compensation.
This Court has held that an injury to the pelvic bone is not an injury to the leg. See Malbis Bakery Co. v. Collins,245 Ala. 84, 89, 15 So.2d 705, 709 (1943), where we stated:
 "The court was correct in holding that plaintiff did not come within the schedule providing for loss of a leg and did not suffer a permanent disability due to injury to a member.
Plaintiff's injury was not to his leg, but was an injury to the pelvic bone and back. Plaintiff's leg was not broken, but his pelvic bone was fractured and the whole pelvic bone was pushed upward and backward. The sacroiliac junction was fractured 'with an anterior and posterior dislocation.' The injury was above the leg. While it is said that the left leg was made permanently shorter, the truth is that the leg was just as long as it had ever been and as a leg was uninjured and unchanged. It was the pelvic bone *Page 398 
that was broken and permanently forced upward and out of line. It was this permanent injury to the pelvic bone which caused plaintiff's entire disability."
(Emphasis in original.) The Court in Malbis Bakery determined that the plaintiff in that case had not suffered an injury to his leg. Although Clark did not suffer an injury to her pelvic bone, the same question arises here: whether Clark, in fact, suffered an injury to her leg, which would come within the schedule of injuries subject to the 200-week limit on compensation for a complete loss. Nowhere in the briefs of either party to this appeal is the injury suffered by Clark referred to as an injury to her leg. All parties seem to agree that Clark suffered from a fractured hip, which ultimately required a hip replacement. Based on this description, we find that Clark submitted substantial evidence that her injury was not a leg injury and that Knollmeyer and Liberty Mutual knew that to be the case when they proposed the settlement to her. Because Clark presented substantial evidence in support of her fraud claim, the trial court improperly entered the summary judgment for Liberty Mutual and Knollmeyer; that summary judgment is reversed and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, KENNEDY, INGRAM, and BUTTS, JJ., concur.
MADDOX and HOUSTON, JJ., concur in part and dissent in part.