HOLMES, Retired Appellate Judge.
Wal-Mart Stores, Inc., appeals from the trial court’s judgment granting Hines’s Rule 60(b)(6), Ala. R. Civ. P., motion.
Our review of the record reveals the following pertinent facts: Joseph P. Hines III was injured on January 5, 1995, while he was working in the line and scope of his employment with Wal-Mart Stores, Inc. Thereafter, he filed a complaint, seeking workers’ compensation benefits for his injuries.
On June 30, 1995, Wal-Mart terminated Hines’s employment. On February 28, 1996, Hines filed a complaint, alleging that he was discharged from his employment in retaliation for having filed a workers’ compensation claim.
Thereafter, while the retaliatory discharge action was still pending, Hines, who was not represented by counsel, entered into a workers’ compensation settlement agreement with Wal-Mart. According to that agreement, Wal-Mart paid Hines a lump sum amount of $8,500 in return for Hines’s release of all present and future claims against Wal-Mart. On March 21, 1996, the same day the settlement agreement was executed by the parties, the trial court entered a consent judgment approving the settlement.
On September 26, 1996, Wal-Mart filed a summary judgment motion, wherein it asserted that Hines’s retaliatory discharge claim was precluded by the language of the prior settlement agreement between the parties. See Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala.1996). We would note that in Cantrell, our supreme court specifically held that it is permissive to preserve, in a workers’ compensation settlement agreement, a retaliatory discharge claim. In this case the language of the workers’ compensation settlement agreement does not expressly preserve Hines’s pending claim for retaliatory discharge.
*277 On October 23, 1996, Hines filed a Rule 60(b)(6), Ala. R. Civ. P., motion, seeking relief from the March 21, 1996, consent judgment. In his motion for relief, Hines asserted that he thought that when he signed the settlement agreement, he was merely waiving his right to recover any future medical expenses and/or future vocational rehabilitation benefits resulting from his injury. Hines stated that he did not know that he was waiving his right to recover under his claim for retaliatory discharge. Further, Hines asserted that Wal-Mart procured the settlement and release with the knowledge that Hines had a pending retaliatory discharge action and that Hines was represented by counsel in that action. We reiterate that Hines was not represented by counsel when he signed the settlement agreement.
The trial court conducted a hearing based on the testimony of Hines, as well as the presiding judge who approved the workers’ compensation settlement. The trial court, after hearing the testimony, entered an order, which states the following, in pertinent part:
“ The court finds that at the time of the entry of the judgment in this cause, there was pending in Lauderdale Circuit Court a case in which [Hines] had sued [Wal-Mart] for retaliatory discharge, being styled Joseph P. Hines, III, Plaintiff v. Wal-Mart Stores, Inc., Defendant, Civil Action No. CV-96-127. [Hines] was represented in CV-96-127 by Frank V. Potts. [Hines] had no attorney representing him in this case, CV-96-206. Neither [Hines] nor his attorney ... was ever told that the settlement of Case CV-96-206 also settled Case No. CV-96-127. Hon. N. Michael Suttle, who entered the order approving the consent settlement and release in Case CV-96-206, testified that he understood that the settlement embraced only the workmen’s compensation benefits due [Hines] for his physical injuries, and that had he known that the settlement was to include the dismissal of another claim in which [Hines] was represented by counsel, he would not have approved the settlement, without at least conferring with the attorney.
[[Image here]]
“The court further finds that the judgment rendered in this cause on March 21, 1996, by Hon. N. Michael Suttle does not accurately represent the agreement by and between [Hines] and [Wal-Mart] in that the settlement was to include only workmen’s compensation benefits due [Hines] for his physical injuries sustained by him on January 5,1995....
“The court is of the opinion that [Hines] is entitled to relief from judgment, pursuant to Rule 60(b)(6), and that the judgment should be amended by deleting that portion thereof which in any way affects or could be construed to affect [Hines’s] retaliatory discharge claim (CV-96-127).” Wal-Mart appeals.
The dispositive issue on appeal is whether the trial court erred in granting Hines’s motion for relief, pursuant to Rule 60(b)(6).
At the outset we would note that the grant or denial of a Rule 60(b) motion is within the sound discretion of the trial court and that the standard of review on appeal is whether the trial court abused its discretion. Hilliard v. SouthTrust Bank, 581 So.2d 826 (Ala.1991). Furthermore, a strong presumption of correctness attaches to the trial court’s ruling on a motion under Rule 60(b). Buchanan v. Collier, 571 So.2d 1068 (Ala.1990).
It is well settled that “principles of equity govern the determination of whether Rule 60(b) relief from a judgment should be granted.” Blackwell v. Adams, 467 So.2d 680, 683 (Ala.1985). Furthermore, “subpart (6) of Rule 60(b) was added to allow courts to vacate judgments when that is necessary to accomplish justice.” Id. at 683.
In the instant case the trial court clearly noted that it would “be inequitable and unjust to allow the said [consent] judgment to stand in its entirety.” The trial court based its finding on the fact that the consent judgment did not “accurately represent the [settlement] agreement by and between [Hines] and [Wal-Mart].” We would note that Hines’s affidavit, which accompanied the consent judgment, stated the following, in pertinent part:
*278 “ 3. I understand, and the Judge has explained to me, that this is a ‘lump sum settlement.’ I understand that I can elect to have weekly benefits paid to me; however, it is my desire and I hereby elect and consent to having the benefits paid in a lump sum.
“4. It is my understanding, and the Judge has explained to me, that I am waiving my right to future medical expenses and/or future vocational rehabilitation benefits.
“5. I understand the nature and extent of the injuries that I claim in this suit. I have discussed this with my doctor, and my medical records have been available to me.
[[Image here]]
“7_ The Judge has explained to me the difference between the doctor’s disability rating and the loss of earning capacity.”
Indeed, the affidavit that Hines signed seemingly indicates that he intended to release Wal-Mart only for any future claims arising out of his personal injuries.
It is our conclusion that Hines clearly did not intend the settlement of his workers’ compensation claim to be a settlement of his retaliatory discharge claim. This fact is supported by the testimony of the presiding judge who approved the settlement. The presiding judge testified that he thought the parties were just settling the workmen’s compensation claim. He further stated that he would not have approved the settlement had he known that the settlement was to include the dismissal of another claim which was pending, in which Hines was represented by counsel.
The trial court, in this ease, did not vacate the entire judgment. Instead, it sought only to amend the judgment to reflect the true intention of the parties. For this court to allow the judgment containing the settlement agreement to stand as written would be inequitable to Hines.
Based on the foregoing, we conclude that the trial court did not abuse its discretion in granting Hines’s Rule 60(b)(6) motion in order to reflect the true intent of the parties.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.
THOMPSON, J., dissents.