We granted certiorari review to consider the opinion of the Court of Civil Appeals, which held that the trial court had acted within its discretion in ordering that a judgment approving a workers' compensation settlement agreement between Wal-Mart Stores, Inc., and Joseph P. Hines III be set aside under Rule 60(b)(6), Ala. R. Civ. P., to the extent the judgment barred Hines from pursuing a pending claim seeking damages for an alleged retaliatory discharge. See Wal-Mart Stores, Inc. v.Hines, 725 So.2d 275 (Ala.Civ.App. 1997). We reverse and remand.
Hines injured his right shoulder on January 5, 1995, while working at a store operated by his employer, Wal-Mart. He filed a claim for workers' compensation benefits.[1] On June 30, 1995, Wal-Mart terminated Hines's employment. On August 30, 1995, Frank V. Potts, an attorney in Florence, sent a letter to Wal-Mart's corporate headquarters, in Bentonville, Arkansas, stating that Hines had contacted him and that he intended to file an action alleging that Wal-Mart had wrongfully terminated Hines in retaliation for his having filed a claim for workers' compensation benefits.[2] Brad L. Karren, an Arkansas attorney retained by Wal-Mart, sent a reply letter to Potts dated January 22, 1996, stating that it would be necessary for Karren to contact the Wal-Mart store involved to conduct a preliminary investigation and that Potts might expect a formal response by February 19, 1996. After receiving no further correspondence, Potts filed, on February 28, 1996, on Hines's behalf, an action against Wal-Mart, in the Lauderdale Circuit Court, alleging retaliatory discharge. That action was assigned No. CV-96-127.
Three weeks later, on March 21, 1996 Hines signed a workers' compensation settlement *Page 281 
agreement with Wal-Mart ("the settlement"). Although he was represented by counsel in the pending retaliatory discharge action, Hines neither brought an attorney with him when he signed the settlement agreement nor consulted with his attorney before signing it. The settlement agreement provided in pertinent part:
 "This settlement concludes all workmen's compensation and other claims which the Plaintiff has for any injuries or damages sustained while working with the defendant through the date of this order. . . . When all payments hereunder have been made, the defendant/employer shall be, and hereby is released from all claims on account of said injury, under said Act or otherwise."
This language was drafted by Alabama lawyers that Wal-Mart had retained. In exchange for Hines's release, Wal-Mart agreed to pay Hines a lump sum of $8,500.
On the same day they executed the settlement agreement, the parties filed a joint petition in the Circuit Court of Lauderdale County to have the settlement approved. See § 25-5-56, Ala. Code 1975. That petition was given case No. CV-96-206, and it was assigned to Judge N. Michael Suttle. Judge Suttle explained to Hines, who appeared pro se, that he had the right to legal representation and that he, Judge Suttle, was not acting as his lawyer and was not giving him legal advice. Hines replied by stating that he understood that, but that he did not want a lawyer. Unaware that Hines had pending an action (CV-96-127) seeking damages for retaliatory discharge and that in that action he was represented by counsel, Judge Suttle entered a judgment on March 21, 1996, approving the settlement, and Hines acknowledged acceptance of the $8,500 settlement check.
On April 4, 1996, Hines's attorney in the retaliatory-discharge action (CV-96-127) sought a default judgment in that action, on the ground that Wal-Mart had not answered the complaint. On April 16, 1996, Judge Suttle entered a default judgment for Hines in case No. CV-96-127, the retaliatory-discharge action. On May 2, 1996, Wal-Mart moved to set aside that default judgment. Wal-Mart alleged that Hines's complaint had been addressed to Wal-Mart's general delivery address in Bentonville, Arkansas, rather than to its agent in Alabama designated to receive service of process, and that Hines's motion for a default judgment had been made on the 31st day after the certified mail receipt showed the arrival of the complaint at Wal-Mart's address in Bentonville. According to a supporting affidavit, the complaint arrived in the Wal-Mart mail room in Bentonville on March 4, 1996, but it was not received by Wal-Mart's legal department until April 9, 1996. On May 7, 1996, Judge Suttle set aside the default judgment, and Wal-Mart answered the complaint.
On September 26, 1996, Wal-Mart moved for a summary judgment on Hines's retaliatory discharge claim, asserting that it was precluded by the judgment approving the parties' settlement and release in case No. CV-96-206. On October 23, 1996, Hines filed a motion, styled as a motion pursuant to Rule 60(b)(6), Ala. R. Civ. P., seeking to set aside the judgment approving the settlement. In that motion, Hines claimed that when he signed the settlement he thought he was merely waiving his right to recover any future medical expenses and/or future vocational rehabilitation benefits resulting from his injury, not his right to recover for the alleged retaliatory discharge. Hines maintained that he was not told that the settlement could have such an effect, until Wal-Mart moved for a summary judgment in case No. CV-96-127. Hines also alleged that, when its lawyers negotiated the settlement with him, Wal-Mart knew that he had filed his retaliatory-discharge action and knew that he had retained counsel in that case; thus, he argued, "[Wal-Mart] can not state that the negotiated settlement included all claims, including the wrongful discharge claim, in that to include the wrongful discharge claim in the release would be a fraud upon the court because of [Wal-Mart's] prior knowledge of the lawsuit and representation." (Emphasis original.)
Also on October 23, 1996, Hines moved to consolidate the workers' compensation settlement case with the retaliatory discharge case. Judge Suttle recused himself and *Page 282 
assigned the case to Judge Larry Mack Smith on November 4, 1996. Judge Smith set a hearing on Hines's Rule 60(b) motion, his motion to consolidate, and Wal-Mart's motion for a summary judgment. On December 3, 1996, Judge Smith entered an order stating, in pertinent part:
 "The court finds that at the time of the entry of the judgment in this cause [CV-96-206], there was pending in Lauderdale Circuit Court a case in which [Hines] had sued [Wal-Mart] for retaliatory discharge, being styled Joseph P. Hines, III, Plaintiff v. Wal-Mart Stores, Inc., Defendant, Civil Action No. CV-96-127. [Hines] was represented in CV-96-127 by Frank V. Potts. [Hines] had no attorney representing him in this case, CV-96-206. Neither [Hines] nor his attorney . . . was ever told that the settlement of Case CV-96-206 also settled Case No. CV-96-127. Hon. N. Michael Suttle, who entered the order approving the consent settlement and release in Case CV-96-206, testified that he understood that the settlement embraced only the workmen's compensation benefits due [Hines] for his physical injuries, and that had he known that the settlement was to include the dismissal of another claim in which [Hines] was represented by counsel, he would not have approved the settlement, without at least conferring with the attorney.
". . . .
 "The court further finds that the judgment rendered in this cause on March 21, 1996, by Hon. N. Michael Suttle does not accurately represent the agreement by and between [Hines] and [Wal-Mart] in that the settlement was to include only workmen's compensation benefits due [Hines] for his physical injuries sustained by him on January 5, 1995, whereas the Judgment entered arguably releases Plaintiff's claim for Retaliatory Discharge. . . .
 "The Court is of the opinion that the Plaintiff is entitled to relief from Judgment, pursuant to Rule 60(b)(6), and that the Judgment should be amended by deleting that portion thereof which in any way affects or could be construed to affect Plaintiff's Retaliatory Discharge Claim. . . ."
Wal-Mart appealed. The Court of Civil Appeals affirmed the order setting aside the judgment approving the settlement. That court held that Judge Smith had not abused his discretion in granting relief pursuant to Rule 60(b)(6). Without addressing whether Hines's motion stated a proper ground for relief under Rule 60(b)(6) or whether the motion was timely filed, the Court of Civil Appeals reasoned that there was evidence supporting the finding that, when he signed the settlement agreement on March 21, 1996, Hines had not intended to release Wal-Mart from liability in his pending retaliatory-discharge action. Therefore, the Court of Civil Appeals held, it was equitable for Judge Smith to modify the settlement order "to reflect the true intention of the parties." 725 So.2d at 278.
In this Court, Wal-Mart argues that motion to set aside the judgment was based upon an allegation of mistake or inadvertence and that Hines was therefore, in reality, seeking relief under Rule 60(b)(1). Wal-Mart further contends that Hines's motion was, therefore, untimely and that it cannot be made timely by merely styling it as a Rule 60(b)(6) motion.
As a threshold matter, we note that the question whether the language of the approved settlement order would, if the order was not set aside, preclude Hines's retaliatory discharge action is not now before us. In setting aside the judgment, Judge Smith concluded that Hines's retaliatory-discharge claim was "arguably" released by the settlement.[3] Thus, the trial court did not expressly decide the issue, resolving the controversy instead by simply granting relief under Rule 60(b)(6). Thus, the issue in this Court, as it was in the Court of Civil Appeals, is whether the trial court erred in granting Hines's Rule *Page 283 
60(b) motion to set aside the judgment of March 21, 1996, which approved the settlement.
Rule 60(b) provides in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic). misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court . . . to set aside a judgment for fraud upon the court."
In R.E Grills, Inc. v. Davison, 641 So.2d 225 (Ala. 1994), this Court stated:
 "The `catch all' provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for `any other reason justifying relief.' Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala. 1990). "`Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.'" Chambers County Comm'rs v. Walker, 459 So.2d 861, 866 (Ala. 1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala. 1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5). See, e.g., Insurance Management Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209
(Ala. 1991); Barnett, 559 So.2d at 1084; Smith v. Clark, 468 So.2d 138, 140 (Ala. 1985); Chambers County Comm'rs v. Walker, 459 So.2d 861 (Ala. 1984); Ex parte Hartford Ins. Co., 394 So.2d 933, 935-36
(Ala. 1981); Rebel Oil Co. v. Pike, 473 So.2d 529
(Ala.Civ.App. 1985); Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900, 902 (Ala.Civ.App. 1979). Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6). Ex parte Hartford Ins. Co., 394 So.2d at 936; see also Rebel Oil Co., 473 So.2d at 532."
641 So.2d at 229.
When considering Rule 60(b) motions, trial courts "attempt to balance the desire to remedy injustice against the need for finality of judgments." Raine v. First Western Bank,362 So.2d 846, 848 (Ala. 1978). "Whether to grant or deny relief under Rule 60(b)(6) is within the discretion of the trial judge, and the trial judge's ruling on that question will not be reversed except for an abuse of that discretion." Ex parte American ResourcesIns. Co., 663 So.2d 932, 936 (Ala. 1995).
In Chambers County Comm'rs v. Walker, 459 So.2d 861 (Ala. 1984), this Court encountered a case with some elements that are also present in the case now before us. In Walker, the parties to a lawsuit had entered into a settlement whereby the defendants had agreed to pay the plaintiffs a sum in satisfaction of claims for personal injuries and property damage suffered as a result of an automobile accident. Because one of the plaintiffs was a minor, the court held a pro ami hearing, following which it entered a consent judgment based upon the settlement. Later, the plaintiffs brought another action, against the county commissioners, alleging that the county had negligently or wantonly constructed, operated, and maintained the intersection where the automobile accident had occurred and that their negligence or wantonness had caused the accident. The commissioners moved for a summary judgment, claiming that, as a matter of law, the satisfaction of the consent judgment based upon the settlement precluded the action against the county based upon the same accident. Three years after the entry of the consent judgment, the plaintiffs filed a motion for relief, under Rule 60(b)(6). 459 So.2d at 863-64. The plaintiffs alleged as grounds for the motion, among other things, that before *Page 284 
entering into the settlement that formed the basis of the consent judgment they had been "assured" by their attorney and the presiding trial judge that the consent judgment would not prevent a subsequent action against the county and its commissioners arising out of the same facts. Id. at 864. The plaintiffs further alleged that, but for this assurance, they would not have consented to the entry of the first judgment. Id. The trial court granted relief based on Rule 60(b)(6), and the defendants appealed. This Court reversed, holding that the stated grounds "amount to a claim of mistake and!or inadvertence on the part of plaintiffs' counsel as to the effect the settlement, release, and judgment in the first action would have on any subsequent suit plaintiffs sought to maintain against the Commissioners," id. at 865, and fell within Rule 60(b)(1), not within the "extraordinary circumstances" contemplated by Rule 60(b)(6), id. at 866. Because the plaintiffs' motion sought relief based on Rule 60(b)(1), but was filed more than four months after the entry of the judgment, it was untimely. Id.
As was the case with the plaintiffs in Walker, Hines believed that a consent judgment incorporating an approved settlement would not bar a separate lawsuit brought by him, and he was granted relief under Rule 60(b)(6). Our holding here is similar to that in Walker: Hines's erroneous understanding of the effect of the settlement upon his retaliatory-discharge claim amounts to mistake and/or inadvertence on his part, which, if cognizable at all under Rule 60(b),[4] falls under Rule 60(b)(1). Hines emphasizes that, unlike the plaintiffs in Walker, he had already filed the action that was held to be barred by the judgment approving the settlement. However, this distinction does not remove Hines's claim for relief from the domain of Rule 60(b)(1); we still must conclude that Hines is alleging that he mistakenly and/or inadvertently entered into the settlement and consented to the judgment approving that settlement because he misapprehended the potential effect upon his then pending retaliatory-discharge claim. It is undisputed that Hines's Rule 60(b) motion was filed more than four months after the entry of the judgment approving the settlement and is, therefore, untimely under Rule 60(b)(1). Because the grounds listed in the various subsections of Rule 60(b) are mutually exclusive, Hines cannot obtain relief under Rule 60(b)(6) for grounds encompassed within Rule 60(b)(1).
Hines points out, however, that we have recognized that aggravating circumstances may allow a trial court to treat what would otherwise be a Rule 60(b)(1) motion as a Rule 60(b)(6) motion. See R.E. Grills, Inc v. Davison, supra, 641 So.2d at 229;Chambers County Comm'rs v. Walker, supra; Giles v. Giles,404 So.2d 649 (Ala. 1981); and Rebel Oil Co. v. Pike, 473 So.2d 529
(Ala.Civ.App. 1985). But in R.E. Grills, Inc. v. Davison, supra, 641 So.2d at 230, this Court noted:
 "[T]he Court has generally limited the application of this exception to circumstances where the dismissal was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, the client was unable to reasonably protect his interests because he was misled about the status or conduct of his case by his counsel. Ex parte Oden, 617 So.2d 1020 (Ala. 1992); Chambers County Comm'rs v. Walker, supra; Rebel Oil Co. v. Pike, supra."
We conclude that Hines has failed to show such aggravating circumstances regarding *Page 285 
his mistaken understanding of the effect of the settlement on his pending retaliatory-discharge claim. Indeed, this particular mistake was Hines's very own, not that of his attorney. Hines made a voluntary choice to represent himself in connection with the settlement and not to consult with his retained attorney before entering into it.[5] "Rule 60(b)(6) [cannot] be used `for the purpose of relieving a party from the free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest.'" ChambersCounty Comm'rs v. Walker, supra, 459 So.2d at 866, quoting 11 C. Wright A. Miller, Federal Practice and Procedure, § 2864, at 214-15 (1973).
We similarly hold that the testimony of Judge Suttle, indicating that he would not have approved the settlement had he known that Hines had pending a retaliatory-discharge claim in which he was represented by counsel, does not give rise to the "extraordinary circumstances" required for relief under Rule 60(b)(6). Judge Suttle's testimony amounts to a claim that he entered the judgment because he was under a mistaken impression as to the existence of certain facts, and perhaps also as to the legal effect of the settlement's preclusive language. However, it appears that Hines himself shoulders substantial responsibility for Judge Suttle's lack of awareness. When he appeared before Judge Suttle to have the settlement approved, Hines was obviously aware that he had filed a retaliatory-discharge claim and that he had retained counsel, yet he failed to notify Judge Suttle of these facts, even though the issue of his right to legal representation was specifically raised. Moreover, if Judge Suttle was not aware that the settlement could preclude a retaliatory-discharge action, it appears that the trial judge inChambers County Commn'rs v. Walker, supra, had a similar misunderstanding; the plaintiffs in that case alleged that the trial judge had mistakenly "assured" them that their subsequent action against the county would be viable. 469 So.2d at 864. Despite this fact, we concluded that the granting of Rule 60(b)(6) relief was inappropriate in that case, and we conclude likewise here.
Finally, Hines argues that, even if his Rule 60(b) motion was untimely as a motion seeking relief based upon allegations of mistake and/or inadvertence, Judge Smith's granting of that motion was justified on the basis that Wal-Mart had engaged in misconduct and fraud. Hines alleges that when he and Wal-Mart entered the settlement agreement, Wal-Mart knew both that he had filed a retaliatory-discharge action and that he was represented by counsel in that action. Hines contends that Wal-Mart's settling the retaliatory-discharge claim with him personally, as part and parcel of its settlement of his claim for workers' compensation benefits, when it knew that he was represented by counsel in the retaliatory-discharge case, was fraudulent and was tantamount to "an end run around the legal system." Respondent's brief at 10.
Section 25-5-56, Ala, Code 1975, states, "Settlements made may be vacated for fraud, undue influence, or coercion, upon application made to the judge approving the settlement at any time not later than six months after the date of settlement." Rule 60(b)(3), Ala. R. Civ. P., which is subject to a four-month limitation, similarly permits a judgment to be set aside where the judgment is the result of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Rule 60(b)(3) is inapplicable here, however, because § 25-5-56 provides "`the exclusive method for vacating a workers' compensation settlement for fraud.'" Jenkins v. United States Fidelity Guar. Co.,698 So.2d 765, 767 (Ala. 1997), quoting Clark v. Liberty Mut. Ins. Co.,673 So.2d 395, 397 (Ala. 1996). See also Hawkins v. Jim Walter *Page 286 Resources, Inc., 600 So.2d 1052 (Ala.Civ.App. 1992).
Hines's motion to set aside the order approving the settlement was styled as a Rule 60(b) motion, rather than as a motion filed pursuant to § 25-5-56, but it was, in fact, presented to the same trial judge who had approved the settlement on March 21, 1996. However, even assuming that Hines's motion otherwise qualified as a request under § 25-5-56 for relief from the settlement, based on fraud, it was filed on October 23, 1996, more than seven months after the date of the order approving the settlement. Thus, it was untimely under § 25-5-56 Jenkins,Clark, supra.
Moreover, we note that despite Hines's allegations of fraud and wrongdoing, the trial court's order did not contain findings suggesting that Wal-Mart or its attorneys were guilty of misconduct. While it is undisputed that Wal-Mart had received a letter indicating that Hines was at least contemplating filing a retaliatory-discharge claim, it appears that the trial court might have believed Wal-Mart's contention that its legal representatives were not aware that such an action had actually been instituted until after the settlement was approved on March 21, 1996.[6] Further, Hines admits that Wal-Mart's attorneys in Alabama — who negotiated the settlement, drafted the settlement agreement, and appeared at the hearing to have it approved — did not engage in any wrongdoing; Hines concedes that these lawyers did not know of Hines's pending retaliatory-discharge action, in which he was represented by counsel,[7] and that they simply drafted a settlement instrument with broad release language in order to provide maximum protection for their client. See Respondent's brief at 10.
Hines does not contend that Wal-Mart or its attorneys actually made a false representation to the effect that the settlement would not preclude a retaliatory-discharge action. He seems to contend, rather, that Wal-Mart committed fraud by failing to disclose to him that the settlement language could have the legal effect of precluding his pending retaliation-discharge claim. However, neither Wal-Mart nor its attorneys had a duty to explain to Hines all of the potential legal consequences flowing from the settlement that might adversely affect his interests. Cf. Hensonv. Estes Health Care Center, Inc., 439 So.2d 74 (Ala. 1983) (holding that an employer and its workers' compensation carrier had no duty to disclose to a worker acting pro se in settlement negotiations what legal rights she had under the workers' compensation statutes, because the law is accessible and is presumed to be known).
Based upon the foregoing, we hold that the trial court abused its discretion in setting aside, on the basis of Rule 60(b)(6), the judgment approving the settlement. Accordingly, the judgment of the Court of Civil Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, and SEE, JJ., concur.
LYONS, J., recuses himself
[1] According to the opinion of the Court of Civil Appeals, Hines filed a complaint seeking workers' compensation benefits. It appears, however, that Hines never actually initiated a civil lawsuit by filing a complaint, but rather merely filed with his employer a claim for workers' compensation benefits.
[2] See § 25-5-]1.1, Ala Code 1975; see also McClain v.Birmingham Coca-Cola Bottling Co., 578 So.2d 1299, 1301 (Ala. 1991) (holding that a terminated worker can maintain an action alleging retaliatory discharge even though the worker claims to have been fired solely for filing a "claim" for workers' compensation benefits, rather than for filing an "action," i.e., a lawsuit, for such benefits, as a literal reading of §25-5-11.1 would seem to require).
[3] We note that the language of the settlement between Hines and Wal-Mart is similar to that contained in judicially approved settlements that have been held to preclude claims alleging retaliatory discharge. See Gates Rubber Co. v. Cantrell,678 So.2d 754 (Ala. 1996); Ex parte Aratex Services, Inc.,622 So.2d 367 (Ala. 1993); Brown v. B D Plastics, Inc., 873 F. Supp. 1511
(M.D. Ala. 1994).
[4] After Judge Smith had entered the order granting Hines's Rule 60(b) motion, the Court of Civil Appeals held that a worker's mistake concerning the effect of a workers' compensation settlement on a future retaliatory-discharge claim is a mistake of law that is not a proper ground for relief under Rule 60(b). See Dow-United Technologies Composite Products, Inc. v. Webster,701 So.2d 22, 24 (Ala.Civ.App. 1997). See also DaughertyAssociates v. Silmon, 535 So.2d 135, 137 (Ala. 1988). Wal-Mart now, likewise, argues that Hines's mistaken understanding of the effect of the settlement agreement upon his pending retaliatory-discharge claim is a mistake of law that cannot be a proper basis for relief under Rule 60(b). However, it does not appear that Wal-Mart advanced this specific argument in the trial court; therefore, we will not address it. This Court cannot put a trial court in error for failing to or consider a matter that, according to the record, was not presented to or decided by the trial court. Rodriguez-Ramos v. Williams, 580 So.2d 1326 (Ala. 1991).
[5] We also note that lack of counsel is not a ground under Rule 60(b) for setting aside a consent judgment. Briscoe v.Briscoe, 600 So.2d 290 (Ala.Civ.App. 1992); Porter v. MobilePulley Mach. Works, 507 So.2d 529 (Ala.Civ.App. 1987). Thus, it does not matter that Hines's mistaken understanding as to the effect of the settlement might have been caused by his not consulting an attorney either when he signed the settlement or when he went to court to have the settlement approved.
[6] This was the position Wal-Mart argued to Judge Suttle in its successful effort to have the default judgment in the retaliatory-discharge action set aside.
[7] Rule 4.2, Ala. R. Prof. Conduct, provides: "In representing a client, a lawyer shall not communicate about the subject of representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."