YATES, Presiding Judge,
dissenting.
Because I believe that aggravating circumstances exist in this case to justify the trial court’s grant of Fitkin’s motion for *593 relief from judgment, brought pursuant to Rule 60(b), Ala. R. Civ. P., I must respectfully dissent from the main opinion.
Spriggs Enterprises propounded interrogatories and requests for production of documents to Fitkin. Fitkin’s attorney forwarded the interrogatories and requests for production to Fitkin, who answered the interrogatories and then returned her handwritten answers to her attorney. Subsequently, Spriggs Enterprises’ attorney discovered the interrogatories and Fit-kin’s handwritten answers[2] to those interrogatories in a packet of medical records received through discovery from Fitkin’s treating physician. On February 1, 2001, Spriggs Enterprises’ attorney wrote a letter to Fitkin’s attorney acknowledging his discovery of the handwritten answers to the interrogatories and inquiring why the interrogatories and handwritten answers would be in the medical records of Fitkin’s treating physician.
On February 14, 2001, Fitkin was deposed by Spriggs Enterprises. On February 21, 2001, Fitkin’s attorney responded to Spriggs Enterprises’ letter of February 1, stating that he was surprised that the interrogatories and handwritten answers were found in the medical records and inquiring whether the answers needed to be notarized. Spriggs Enterprises’ attorney did not respond to this letter.
On October 31, 2001, the trial court set the case for trial on January 14, 2002. On November 16, 2001, Fitkin’s attorney moved to withdraw as Fitkin’s counsel. The trial court granted the motion on November 19, 2001, and gave Fitkin 14 days to obtain new counsel. On December 13, 2001, Spriggs Enterprises moved to compel Fitkin to answer the interrogatories and request for production, stating that Fitkin had refused to answer those requests and that the answers were necessary in order for Spriggs Enterprises to prepare an adequate defense. In the motion, Spriggs Enterprises failed to inform the court that it had, through other means, received handwritten answers to the interrogatories and that it had taken Fitkin’s deposition. The trial court granted the motion to compel.
On January 4, 2002, Spriggs Enterprises moved the court to dismiss Fitkin’s workers’ compensation complaint, alleging that she “had failed and refused to answer [its] interrogatories and requests for production of documents.” The trial court, on January 9, 2002, granted Spriggs Enterprises’ motion to dismiss. Fitkin obtained new counsel and on July 22, 2002, moved the court pursuant to Rule 60(b), Ala. R. Civ. P., for relief from its judgment dismissing her complaint. The trial court granted Fitkin’s motion.
Our supreme court has stated:
“ ‘[T]he decision whether to grant or deny [a Rule 60(b) ] motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Pierson v. Pierson, 347 So.2d 985 (Ala.1977). In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court’s decision will not be disturbed unless it is determined “that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.” Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979), quoting Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App.1978).’
“Ex parte Dowling, 477 So.2d 400, 402 (Ala.1985).”
Osborn v. Roche, 813 So.2d 811, 815 (Ala.2001). As the main opinion states, Spriggs Enterprises argues that Fitkin’s motion to set aside the dismissal of her complaint was actually seeking relief based upon ei *594 ther Rule 60(b)(1) or Rule 60(b)(3); that Fitkin’s motion was untimely because it was filed six and one-half months after her complaint was dismissed; and that the motion could not be made timely by styling it as a Rule 60(b)(6) motion. Generally, grounds for relief under Rule 60(b)(1) and 60(b)(3) cannot be used to provide relief under Rule 60(b)(6); however, our supreme court has recognized that in certain cases “aggravating-circumstances may allow a trial court to treat what would otherwise be a Rule 60(b)(1) motion [or 60(b)(3) motion] as a Rule 60(b)(6) motion.” Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 284 (Ala.1998). The supreme court has stated that the aggravating-circumstances exception “applies to an extraordinary circumstance not contemplated by Rule 60(b)(1) [or 60(b)(3)], for the purpose of protecting the public, vindicating the judicial process, and promoting the public’s confidence in the legal system.” R.E. Grills, Inc. v. Davison, 641 So.2d 225, 230 (Ala.1994).
After reviewing the materials before the court on Spriggs Enterprises’ petition for a writ of mandamus, I conclude that the trial court could have inferred that Spriggs Enterprises had misled the court by representing in its motion to compel, and its motion to dismiss, that Fitkin had failed and refused to answer its interrogatories when, in fact, Fitkin had answered the interrogatories and Spriggs Enterprises had learned of this when it discovered the answers in Fitkin’s medical records. In my opinion, that would constitute an “aggravating circumstance” and would justify treating Fitkin’s motion as one brought pursuant to Rule 60(b)(6) and granting that motion. Accordingly, I dissent from the main opinion’s grant of the petition for a writ of mandamus.

. The handwritten answers are clear, concise, and legible.