WISE, Presiding Judge.
 

 The appellant, Robert Tucker, filed a petition for a writ of certiorari, challenging the revocation of his parole. Without requiring a response by the Alabama Board of Pardons & Paroles (“the Board”), the circuit court summarily dismissed the petition on May 1, 2009, noting that the petition was not verified. On September 15, 2009, Tucker filed a “Motion for Relief of Judgment or Order” pursuant to Rule 60(b)(6), Ala. R. Civ. P., in which he sought to add a verification to his petition and to raise additional allegations about the revocation proceedings. The circuit court denied the motion on September 23, 2009. This appeal followed.
 

 On December 18, 2006, Tucker was released on parole. He asserted that, on October 15, 2007, the Board revoked his parole based on the fact that he had been arrested on new charges. However, he
 
 *1243
 
 further asserted that those new charges were dismissed.
 

 Tucker argues that the circuit court erred in denying his Rule 60(b)(6) motion.
 
 [1]
 
 Rule 60(b), Ala. R. Civ. P., provides, in part:
 

 “(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court. If leave of the appellate court is obtained, the motion shall be deemed to have been made in the trial court as of the date upon which leave to make the motion was sought in the appellate court. This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita quere-la, supersedeas, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.”
 

 With regard to Rule 60(b) motions, the Alabama Court of Civil Appeals has held:
 

 ‘“A trial court’s decision to deny a motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., for relief from a final judgment is itself a final judgment that will support an appeal; however, the only matter reviewable in such an appeal is the propriety of the denial.’
 
 Williams v. Williams,
 
 910 So.2d 1284, 1286 (Ala.Civ.App.2005). Except for motions brought pursuant to Rule 60(b)(4), whether a movant has established grounds for re
 
 *1244
 
 lief under Rule 60(b) is a matter within the sound discretion of the trial court.
 
 Ex parte Wal-Mart Stores, Inc.,
 
 725 So.2d 279 (Ala.1998). On appeal, this court will reverse a judgment denying relief under Rule 60(b) only if the trial court has exceeded its discretion.
 
 See Price v. Clayton,
 
 18 So.3d 370 (Ala.Civ.App.2008).”
 

 Burleson v. Burleson,
 
 19 So.3d 233, 238 (Ala.Civ.App.2009).
 

 The record in this case indicates that Tucker did not file a verified petition.
 

 “All applications for mandamus, prohibition, certiorari, or other remedial writ of a supervisory nature shall be commenced by a petition, verified by affidavit, in which the facts shall be stated as briefly and succinctly as the case will admit of....”
 

 § 6-6-640, Ala.Code 1975.
 

 “The application in certiorari proceedings is a pleading within statutes relating to verification of pleadings. It is generally held that it must be verified, and the verification usually assumes the form of an affidavit.”
 

 14 C.J.S.
 
 Certiorari
 
 § 43 (1991) (footnotes omitted). Because Tucker did not verify his petition for a writ of certiorari, his case was not properly commenced, and there was not anything before the circuit court for review.
 
 See, e.g., Ex parte Ackles,
 
 840 So.2d 145 (Ala.2002). Therefore, the circuit court summarily dismissed the petition on May 1, 2009.
 

 Afterward, Tucker filed a motion pursuant to Rule 60(b)(6), Ala. R. Civ. P., and attempted to file a verification for his petition. The mistake he sought to have corrected was his own error in not verifying his petition. Therefore, his motion was in the nature of a motion pursuant to Rule 60(b)(1), Ala. R. Civ. P., even though he styled it as a motion pursuant to Rule 60(b)(6), Ala. R. Civ. P., and we will treat it as such.
 
 See Ex parte Wal-Mart Stores, Inc.,
 
 725 So.2d 279 (Ala.1998);
 
 Higgins v. Douglas,
 
 572 So.2d 1259 (Ala.1990);
 
 Chambers County Comm’rs v. Walker,
 
 459 So.2d 861 (Ala.1984). However, he filed his motion more than four months after the circuit court’s judgment dismissing the petition was entered. Thus, it appears that Tucker may have styled his motion as a motion pursuant to Rule 60(b)(6), Ala. R. Civ. P., in an attempt to avoid the four-month limitation that is applicable to motions pursuant to Rule 60(b)(1), Ala. R. Civ. P. In this regard, the Alabama Supreme Court has held:
 

 “Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5). Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6).
 

 “Although grounds for relief under Rule 60(b)(1) generally cannot be valid grounds under Rule 60(b)(6), this Court has recognized an exception when, in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as within Rule 60(b)(6).... [T]he Court has generally limited the application of this exception to circumstances where the dismissal was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, the client was unable to reasonably protect his interests because he was misled about the status or conduct of his case by his
 
 *1245
 
 counsel. This exception, therefore, applies to an extraordinary circumstance not contemplated by Rule 60(b)(1), for the purpose of protecting the public, vindicating the judicial process, and promoting the public’s confidence in the legal system.”
 

 R.E. Chills, Inc. v. Davison,
 
 641 So.2d 225, 229-30 (Ala.1994) (citations omitted).
 

 Tucker filed his motion, which was, in essence, a motion pursuant to Rule 60(b)(1), Ala. R. Civ. P., more than four months after the circuit court entered its order dismissing the petition for a writ of certiorari. Also, the record does not reflect that this is a case in which the dismissal was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, Tucker was not able to reasonably protect his interests because he was misled about the status or conduct of his case by his counsel. Therefore, we do not find that there were extraordinary circumstances that would have allowed the motion to be treated as a motion pursuant to Rule 60(b)(6), Ala. R. Civ. P. Accordingly, the circuit court did not exceed its discretion in denying the motion, and we affirm the circuit court’s judgment.
 

 AFFIRMED.
 

 WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . To the extent Tucker argues that the circuit court erred in denying his petition for a writ of certiorari, we note that
 

 "[a]n appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review, but presents only the question of propriety of the judgment denying the Rule 60(b) motion.
 
 Sanders v. Blue Cross-Blue Shield of Alabama, Inc.,
 
 368 So.2d 8 (Ala.1979).”
 

 Bryant v. First Tuskegee Bank,
 
 866 So.2d 1139, 1143 (Ala.Civ.App.2002), overruled on other grounds,
 
 Ex parte Full Circle Distribution, LLC,
 
 883 So.2d 638 (Ala.2003). Therefore, any argument about the May 1, 2009, dismissal of the petition is not properly before this court.